**Willie D. LOCUST, Claimant–Appellant,**

v.

**STATE of Tennessee, Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

June 2, 1995.

Permission to Appeal Denied by Supreme Court Aug. 28, 1995.

Charles W. Burson, Attorney General & Reporter, and Martha A. Tarleton, Assistant Attorney General, for Appellee.

Willie D. Locust, Pro Se.

*OPINION*

McMURRAY, Judge.

This case originated as a legal malpractice action in the Circuit Court for Dyer County, Tennessee. The defendant, in that action was an Assistant Public Defender, a state employee. The case subsequently made its way before the Tennessee Claims Commis-

sion. The Commissioner, on motion of the state, dismissed the claim as being barred by the applicable statute of limitations. We affirm the judgment of the Commissioner.

Insofar as we are able to determine from the meager record before us, the appellant claims that the Assistant Public Defender was guilty of legal malpractice in that the Assistant Public Defender failed to properly represent him at a motion hearing on June 29, 1993. He further alleges that the Assistant Public Defender, on July 1, 1993, became an Assistant Attorney General.

As hereinbefore noted, the case originated in the Circuit Court for Dyer County. On August 12, 1994, an order was entered in the Dyer County Circuit Court stating that "both parties have motions before the court. The court intends to rule upon all motions without the necessity of oral argument." The court allowed each party 15 days within which to file a memorandum of law in support of or in opposition to the motions.

The defendant's motion was a motion to dismiss for failure to state a claim upon which relief could be granted; lack of jurisdiction over the subject matter; improper venue; and failure to join an indispensable party.

Apparently, the appellant's motion was a motion to transfer the case to the Tennessee Claims Commission, pursuant to T.C.A. § 9–8–307 which provides in pertinent part as follows:

**9–8–307. Jurisdiction—Claims—Waiver of actions—Standard for tort liability— Damages — Immunities — Definitions— Transfer of Claims.—**(a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state falling within one (1) or more of the following categories:

\*     \*     \*     \*     \*     \*

(D) Professional malpractice;

\*     \*     \*     \*     \*     \*

(i)(1) Claims that were timely filed with a court of competent jurisdiction and that fall within the jurisdiction of the claims commission found in subsection (a) may be transferred to the division of claims administration by *agreement of the parties and the consent of the attorney general and*

*reporter* and upon such transfer, shall be considered timely filed with the division of claims administration. ***Such transfer shall be effected by filing with the division of claims administration the parties' agreement and the complaint which is the subject of the agreement.*** Such claims shall be considered by the division of claims administration and the claims commission, as provided by law, even if the court retains jurisdiction over the claim. (Emphasis added).

The case was dismissed because the Dyer County Circuit Court was without authority to transfer the claim to the Division of Claims Administration. An appeal was perfected to the Court of Appeals from the dismissal of the action. The Court of Appeals, in a memorandum opinion affirmed the action of the trial court on the grounds that "there is no evidence in the record that these criteria [requirements of T.C.A. § 9–8–307(i)(1) ] were satisfied. To the contrary, the record reflects that [the Assistant Public Defender] specifically refused to agree to the transfer and there is no indication that the attorney general and reporter consent[ed] to the transfer." Accordingly, the decision of the trial court was affirmed. It, therefore, follows that since the case was not transferred pursuant to T.C.A. § 9–8–307(i)(1), the filing of the action in the Circuit Court for Dyer County cannot be relied upon to toll the running of the statute of limitations.

T.C.A. § 9–8–402(b) provides in pertinent part as follows:

(b) The claim is barred unless the notice is given within the time provided by statutes of limitations applicable by the courts for similar occurrences from which the claim arises . . . .

Appellant's claim was filed with the Division of Claims Administration, on August 9, 1994. It is clear from the record that the claims advanced against the Assistant Public Defendant for professional malpractice occurred more than one year before August 9, 1994. The statute of limitations for legal malpractice is one year. (T.C.A. § 28–3–

104(a)(2)). The commissioner found that the Circuit Court for Dyer County was not a "court of competent jurisdiction" as that term is used in T.C.A. § 9–8–307(i)(1) and further found that the statute of limitations had expired.

We respectfully disagree with the conclusion of the commissioner that the Dyer County Circuit Court was not a "court of competent jurisdiction." "Court of competent jurisdiction" is not defined in the act. A literal interpretation of the act would result in *no court* having competent jurisdiction so as to toll the statute of limitations, since all causes of action seeking monetary claims against the state as enumerated in T.C.A. § 9–8–307 are under the *exclusive* jurisdiction of the Tennessee Claims Commission. To so interpret the provisions of T.C.A. § 9–8–307(i)(1), would be to render that section of the code meaningless.

■ The cardinal rule of Tennessee statutory interpretation is to ascertain and give effect to the intent and purpose of the Legislature in relation to the subject matter of the legislation, all rules of construction being but aids to that end. *Rippeth v. Connelly,* 60 Tenn.App. 430, 447 S.W.2d 380, 381 (1969). A statute must be construed so as to ascertain and give effect to the intent and purpose of the legislation, considering the statute as a whole and giving words their common and ordinary meaning. *Marion County Board of Commissioners v. Marion County Election Commission,* 594 S.W.2d 681 (Tenn.1980). The Court should assume that the Legislature used each word in the statute purposely and that the use of these words conveyed some intent and had a meaning and purpose. *Anderson Fish & Oyster Company v. Olds,* 197 Tenn. 604, 277 S.W.2d 344 (1955). *See also Crowe v. Ferguson,* 814 S.W.2d 721 (Tenn.1991).

■ Using these basic rules for the interpretation of statutes, we are of the opinion and hold that a "court of competent jurisdiction" is a court in which a claimant could have maintained an action for monetary judgment if the state had been a private individual. Obviously, the circuit court is a

court of competent jurisdiction for a cause of action for legal malpractice.

Since, however, the court did not transfer the case to the division of the claims commission because of a failure to meet the criteria of T.C.A. § 9–8–307(i)(1) for transfer, the appellant cannot rely upon the filing of the complaint in the Dyer County Circuit Court to toll the running of the statute of limitations. It is clear, therefore, that the statute of limitations had expired prior to the filing of the claim with the division of claims administration.

The judgment of the Commissioner is affirmed. Costs of this appeal are taxed to the appellant and this cause is remanded for the purpose of collecting costs as provided by law.

GODDARD, P.J., and SUSANO, J., concur.

### *ORDER*

PER CURIAM.

This appeal came on to be heard upon the record from the Tennessee Claims Commission, Western Division, and briefs filed on behalf of the respective parties. Upon consideration thereof, this Court is of opinion that there was no reversible error in the judgment of the Claims Commission.

The judgment of the Commissioner is affirmed in all respects. Costs of this appeal are taxed to the appellant and this cause is remanded for the purpose of collecting costs as provided by law.