**Deborah ROBERSON, Plaintiff–Appellant,**

v.

**The UNIVERSITY OF TENNESSEE, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Aug. 28, 1995.

Permission to Appeal Denied by Supreme Court Dec. 28, 1995.

Jerrold L. Becker and Samuel W. Brown, Lockridge, Becker & Valone, P.C., Sevierville, for Plaintiff–Appellant.

Beauchamp E. Brogan, General Counsel The University of Tennessee, Knoxville, for Defendant–Appellee.

### *OPINION*

FRANKS, Judge.

In this action plaintiff alleged discriminatory practices within the meaning of Tennessee Code Annotated Section 4–21–301, which statute provides in pertinent part:

It is a discriminatory practice for a person ... to (1) retaliate ... in any manner against a person because such person has ... made a charge, filed a complaint ... under this chapter.

Defendant answered and moved for a judgment on the pleadings pursuant to T.R.C.P. § 12.03 and raised the issue of subject matter jurisdiction as to a claim against the University of Tennessee for retaliation. Specifically, defendant asserted retaliation is actionable under the Tennessee Human Rights Act[1] only against "persons", and the University of Tennessee is not included in the statutory definition of "persons" in T.C.A. § 4–21–102(14).

Responding to the motion to dismiss, the Trial Court held, "retaliation is actionable under the Tennessee Human Rights Act under § 4–21–301, which applies to 'persons'. The state is not a 'person' under the Act, T.C.A. § 4–21–102(14), *Heyliger v. State University and Community College System of Tennessee*, ... [1994 WL 388233] (Tennessee Court of Appeals, July 27, 1994) application for permission to appeal denied January 30, 1995, concurring in results only".

▆ In order for the plaintiff to maintain a claim for retaliation the defendant must be a person within the meaning of T.C.A. § 4–21–102(14).

Tennessee Code Annotated § 4–21–102(14) provides:

"Person" includes one (1) or more individuals, governments, governmental agencies, public authorities, labor organizations, cor-porations, legal representatives, partnerships, associations, trustees, trustees in bankruptcy, receivers, mutual companies, joint stock companies, trusts, unincorporated organizations or other organized groups of persons.

▆ The Trial Judge, in reaching his conclusion, relied on *Heylinger* and defendant insists that we should follow that decision in construing the statute. The rationale in *Heylinger* is essentially that the state and none of its agencies are expressly referred to in the statute, hence the legislature did not include these entities within the definition of "persons" under the act. We conclude that *Heylinger* unnecessarily resorted to rules of statutory construction. Unambiguous statutes must be construed to mean what they say, *Montgomery v. Hoskins,* 222 Tenn. 45, 432 S.W.2d 654 (1968). The purpose of statutory interpretation is to ascertain and give effect to legislative intent and all rules of construction are but aids to that end, but where words of a statute are clear and plain and fully express legislative intent, there is no room to resort to auxiliary rules of construction. *Anderson v. Outland,* 210 Tenn. 526, 360 S.W.2d 44 (1962).

▆ "Persons" as defined in the statute expressly include "governments", "governmental agencies", and "public authorities". Defendant falls within the definition of persons without any strained construction. To hold that a government to be included in the definition must be expressly named would render meaningless the inclusion of "govern-

---

1. The Tennessee Human Rights Act, Title 4, Chapter 21, provides at T.C.A. § 4–21–101, in part:
   (a) It is the purpose and intent of the general assembly by this chapter to:
   (1) Provide for execution within Tennessee of the policies embodied in the Federal Civil Rights Act of 1964, 1968, and 1972, the Pregnancy Amendment of 1978, and the Age Discrimination in Employment Act of 1967, as amended;
   (2) Assure that Tennessee has appropriate legislation prohibiting discrimination in employment ... sufficient to justify the deferral of cases by the federal Equal Employment Opportunity Commission ... under those statutes;
   (3) Safeguard all individuals within the state from discrimination because of ... sex ...;

   (4) Protect their interest in personal dignity and freedom from humiliation;
   (5) Make available to the state their full productive capacity in employment;

   .　　.　　.　　.　　.

   (8) Further, the interest, rights, opportunities and privileges of individuals within the state.
   Rules of the Supreme Court, Rule 4 provides: No opinion of the Court of Appeals or the Court of Criminal Appeals shall be published until after the time has expired for the filing of an application for permission to appeal. If this Court grants the application, or denies the application, concurring in results only, the opinion of the immediate court shall not be published.

ments" and "governmental agencies," but we are required to give every word in a statute some meaning. *United Canners, Inc., v. King,* 696 S.W.2d 525 (Tenn.1985).

Finally, the defendant argues that since the legislature included "the state or any political subdivision thereof" in the definition of employer in T.C.A. § 4–21–102(4), had it intended to include the state in the definitions of "person" it would have done so in the same manner. We cannot agree. A comparison of the two definitions reveals the Legislature intended a more expansive definition of the latter, in furtherance of the "intent" expressed in the preamble of the Act "to safeguard all individuals within the state."

For the foregoing reasons we reverse the judgment of the Trial Court and remand for further proceedings consistent with this opinion. Costs are taxed to the appellee.

McMURRAY, J., and CLIFFORD E. SANDERS, Senior Judge, concur.