# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON
_____

|  |  |  |
|---|---|---|
| **CHARLES R. BROWDER and** | ) | Shelby County Circuit Court |
| **TERESA NOLAND BROWDER**, | ) | No. 63317 T.D. |
|  | ) |  |
| Plaintiffs/Appellants. | ) |  |
|  | ) |  |
| VS. | ) | C. A. NO. 02A01-9602-CV-00039 |
|  | ) |  |
| **JERRY C. MORRIS and** | ) |  |
| **CHRIS CASTLEBERRY, ET AL** | ) |  |
|  | ) |  |
| Defendant/Appellees. | ) |  |
|  | ) |  |

**FILED**

May 1, 1997

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Circuit Court of Shelby County at Memphis.
**Honorable Wyeth Chandler, Judge**


**Randall J. Fishman**,
**Mark A. Mesler**,
BALLIN, BALLIN & FISHMAN, P.C., Memphis, Tennessee
Attorney for Plaintiffs/Appellants.


**J. Cecil McWhirter**,
McWHIRTER & WYATT, Memphis, Tennessee
Attorney for Defendants/Appellees Jerry C. Morris and Chris Castleberry.


**James W. Cook**,
CARD, COOK & HOLT, Memphis, Tennessee
Attorney for Defendant/Appellee General Accident Group.


**Robert L. Moore**,
THOMAS, HENDRIX, HARVEY, JOHNSON & MITCHELL, Memphis, Tennessee
Attorney for Defendant/Appellee Paul Davis Systems, Inc.


OPINION FILED:

**AFFIRMED AND REMANDED**


**FARMER, J.**


**CRAWFORD, P.J., W.S.** : (Concurs)
**HIGHERS, J.** : (Concurs)

This is an interlocutory appeal by appellants, Charles R. and Teresa Noland Browder, from the trial court's denial of a motion seeking to amend their complaint to name an additional party defendant pursuant to T.C.A. § 20-1-119. The statute was enacted in response to the supreme court's decision in ***McIntyre v. Balentine***, 833 S.W.2d 52 (Tenn. 1992), which abolished the doctrine of contributory negligence in Tennessee and adopted principles of comparative fault. The statute allots a plaintiff in cases of comparative fault additional time beyond the normal running of the statute of limitations within which to join a previously unnamed defendant by either amendment of the complaint or institution of a separate action. The issue presented here is whether the statute as enacted contemplates the joinder of a third party defendant whose liability, if any, is vicarious only.

The following facts are before us: On July 25, 1994, the appellants filed suit against Jerry C. Morris and Chris Castleberry for injuries Mr. Browder allegedly sustained in an automobile accident with Morris on July 26, 1993.[1] The complaint alleges that at the time of the accident, Morris was operating a vehicle owned by Castleberry "with the consent, permission, authority, and about the business of Mr. Castleberry." The named defendants as well as the appellants' liability insurer, General Accident Insurance Company, filed answers to the complaint. General Accident's answer was filed on September 19, 1994. Upon motion, the trial court allowed General Accident to amend its answer, to conform with certain facts made known during discovery, and assert that at the time of the accident Morris was operating an automobile owned by Castleberry, but was on or about the business of his employer, Paul Davis Systems, and that Paul Davis Systems was an unnamed defendant. General Accident's first amended answer was filed October 19, 1995. On November 2, 1995, the appellants moved to amend their complaint to specifically name Paul Davis Systems as an additional defendant. As noted, the motion was denied with this appeal resulting.

The issue on appeal as framed by Appellants is as follows:

> Whether the trial court erred by denying the Plaintiffs' motion to seek leave of court to file an Amended Complaint against Paul Davis Systems, Inc., where the Defendant, General Accident Insurance Company, filed an Amended Answer, naming Paul Davis

---

[1]Mrs. Browder's claim was for loss of consortium.

Systems as an unnamed defendant, and where the Plaintiffs then sought to name this party as a defendant pursuant to Tennessee Code Annotated Section 20-1-119?

The statute provides, as here pertinent:

**Comparative fault -- Joinder of third party defendants**. -- (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:

(1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint. . . .

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, . . . .

(c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a).

. . . .

(e) This section shall not limit the right of any defendant to allege in an answer or amended answer that a person not a party to the suit caused or contributed to the injury for which the plaintiff seeks recovery.

It is agreed that resolution of the issue requires a proper interpretation of the language "caused or contributed to" as utilized within the statute. Appellants assert[2] that the statute should not be so narrowly construed as to prohibit the joining of those defendants who, it is alleged, share only financial responsibility for a plaintiff's alleged injuries. Appellants rely upon the legislative history of the statute as supporting their position. To the contrary, Paul Davis Systems, on whose behalf a brief has been filed with this Court, argues that the statute was not intended to apply to those who share only vicarious responsibility as that person or entity "has done nothing to contribute to the circumstances giving rise to the injury suffered by the plaintiff. . . ."

---

[2]Appellees Morris, Castleberry and General Accident have adopted the arguments of Appellants for purposes of this appeal.

The cardinal rule of statutory construction is to effectuate the legislative intent, with all rules of construction being but aides to that end. *Locust v. State*, 912 S.W.2d 716, 718 (Tenn. App. 1995). We must initially look to the language of the statute itself in determining the intent of the legislature. Courts are restricted to the natural and ordinary meaning of the language used by the legislature within the four corners of the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent. *Austin v. Memphis Publ'g Co.*, 655 S.W.2d 146, 148 (Tenn. 1983). A statute is ambiguous if it is capable of conveying more than one meaning. *In re Conservatorship of Clayton*, 914 S.W.2d 84, 90 (Tenn. App. 1995). We must consider the language employed in context of the entire statute without any forced or subtle construction which would extend or limit its meaning. *Weaver v. Woods*, 594 S.W.2d 693, 695 (Tenn. 1980); *Wilson v. Johnson County*, 879 S.W.2d 807, 809 (Tenn. 1994). We are to assume that the legislature used each word in the statute purposely and that the use of these words conveys some intent and has a meaning and purpose. *Locust*, 912 S.W.2d at 718. Where words of the statute are clear and plain and fully express the legislature's intent, there is no room to resort to auxiliary rules of construction, *Roberson v. University of Tennessee*, 912 S.W.2d 746, 747 (Tenn. App. 1995), and we need only enforce the statute as written. *Clayton*, 914 S.W.2d at 90.

With these basic rules of statutory construction in mind, we hold the statute before us is amenable to but one interpretation and, thus, unambiguous. It is assumed that the legislature carefully chose and purposely used the words "caused or contributed to." These words must be construed to mean what they say. *Roberson*, 912 S.W.2d at 747. Under their plain meaning, the statute limits a plaintiff to additionally name only those defendants who allegedly "caused or contributed to" the plaintiff's injuries. By definition, one who is "vicariously" liable is not one who has "caused or contributed to" another's injuries. We find no other language in the four corners of the statute to suggest an alternative or expansive meaning. As we have determined the statute unambiguous in this respect, it is unnecessary and, indeed, improper to refer to the legislative history offered for explanation by Appellants. *See Tennessee Valley Auth. v. Hill*, 437 U.S. 153 (1978); *D. Canale & Co. v. Celauro*, 765 S.W.2d 736, 738 (Tenn. 1989).

Accordingly, we conclude that the trial court was correct in denying the appellants' motion to amend their complaint to join Paul Davis Systems as an additional defendant as the parties

agree that its liability, if any, is vicarious only.  Paul Davis Systems neither caused nor contributed to Plaintiffs' injuries or damages.  We remand this cause to the trial court for further proceedings herewith consistent.  Costs are assessed against Charles R. and Teresa Noland Browder, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
HIGHERS, J. (Concurs)