# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

W. J. GRAY, JR.,          )    From the Tennessee Claims
                                   )    Commission
      Claimant/Appellant,    )
                                   )    Hon. Martha B. Brasfield, Commissioner
vs.                          )
                                   )    Claims Commission No. 404782
                                   )    Appeal No. 02A01-9703-BC-00055
                                   )
STATE OF TENNESSEE,    )    **AFFIRMED**
                                   )
      Respondent/Appellee.   )
                                   )
                                   )    **W. J. Gray, Jr., pro se**
                                   )    Jackson, Tennessee
                                   )
                                   )    **John Knox Walkup**
                                   )    **Attorney General & Reporter**
                                   )    **Heather C. Ross**
                                   )    **Assistant Attorney General**
                                   )    Attorneys for Appellee

**FILED**

**September 15, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

---

## MEMORANDUM OPINION[1]

---

### HIGHERS, J.

Plaintiff, W. J. Gray, Jr., filed a claim with the Tennessee Division of Claims Administration seeking damages for the State's failure to hold a preliminary hearing after Plaintiff had been arrested and charged with armed robbery and for the State's prolonged detention of the Plaintiff pending trial. The State filed a motion to dismiss Plaintiff's claim, and the Tennessee Claims Commission (the "Commission") granted the State's motion to dismiss. Plaintiff appealed the Commission's order dismissing his claim and sought an *en banc* hearing of the Commission. The Commission granted in part and denied in part Plaintiff's motion for an *en banc* hearing. The Commission granted an *en banc* hearing to determine the following issues: (1) whether the Commission had jurisdiction to hear a claim for the negligent deprivation of a constitutional right and (2) whether Plaintiff's claim was timely filed. After an *en banc* hearing before the Commission, the Commission held

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

1

that Plaintiff's claim must be dismissed because it was not filed within the time allowed by the statute of limitations. Plaintiff appeals from the order of the Commission dismissing his claim and argues that the statute of limitations does not bar his claim. For the reasons stated hereafter, we affirm the order of the Commission.

**FACTS**

In 1984, Plaintiff was arrested and charged with armed robbery in Madison County, Tennessee. A preliminary hearing was not held. Plaintiff allegedly remained in jail for ten months until his criminal trial was held. After a trial by jury, Plaintiff was found not guilty and released.

On May 12, 1995, Plaintiff filed a claim with the Division of Claims Administration.[2] In his claim, Plaintiff alleged that his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights were violated when he was denied a preliminary hearing and when he was held in jail for ten months pending trial. Alternatively, Plaintiff premises his claim on the alleged negligence and professional malpractice of the judge who presided over his criminal trial.

**LAW**

T.C.A. § 28-3-104(a)(1980 & 1996 Supp.) provides as follows:

The following actions shall be commenced within one (1) year after the cause of action accrued:

(1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise;

(2) Actions and suits against attorneys or licensed public accountants or certified public accountants for malpractice, whether the actions are grounded or based in contract or tort;

(3) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes; and

(4) Actions for statutory penalties.

---

[2]Because the Division of Claims Administration was unable to act on Plaintiff's claim within ninety days, Plaintiff's claim was transferred to the Claims Commission for resolution pursuant to T.C.A. § 9-8-402(c).

Under Tennessee law, a cause of action accrues when a plaintiff suffers in actuality a legally-cognizable wrong and thus acquires the right to bring suit for redress. Shell v. State, 893 S.W.2d 416, 422 (Tenn. 1995). In the present case, Plaintiff's alleged cause of action accrued in 1984 when Plaintiff was denied a preliminary hearing and was held in jail for ten months pending trial. Because Plaintiff filed his claim with the Division of Claims Administration on May 12, 1995, Plaintiff's claim is barred by the one-year statute of limitations contained in T.C.A. § 28-3-104(a).

Plaintiff argues that his claim is not barred by the statute of limitations because he filed suit on February 26, 1985 against the City of Jackson, the State of Tennessee and other defendants in United States District Court for the Western District of Tennessee. Because the District Court did not enter a final order until October 18, 1994, Plaintiff claims that his claim, which was filed with the Division of Claims Administration on May 12, 1995, falls within the appropriate limitations period. (TR 122) As support for his argument, Plaintiff cites T.C.A. § 9-8-307(i)(1)(1992 & Supp. 1996) which provides as follows:

> Claims that were timely filed with a court of competent jurisdiction and that fall within the jurisdiction of the claims commission found in subsection (a) may be transferred to the division of claims administration by agreement of the parties and the consent of the attorney general and reporter and, upon such transfer, shall be considered timely filed with the division of claims administration. Such transfer shall be effected by filing with the division of claims administration the parties' agreement and the complaint which is the subject of the agreement. Such claims shall be considered by the division of claims administration and the claims commission, as provided by law, even if the court retains jurisdiction over the claim.

Because there is no proof in the record indicating that the parties to the action in the United States District Court agreed to a transfer of the case to the Division of Claims Administration or that the attorney general and reporter agreed to a transfer of the case, Plaintiff's argument is without merit. Thus, Plaintiff's filing of a suit in the United States District Court on February 26, 1985 does not serve to toll the running of the statute of limitations in the present action. See Locust v. State, 912 S.W.2d 716 (Tenn. Ct. App. 1995). For the foregoing reasons, Plaintiff's action is barred by the one-year statute of limitations contained in T.C.A. § 28-3-104(a).

3

The order of the Commission is hereby affirmed.  Costs on appeal are taxed to the Appellant for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:


_____
FARMER, J.


_____
LILLARD, J.