IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 15, 2002 Session

# LAFEYETTE ROMINE, SR., & DEBRA P. ROMINE v. JULIA FERNANDEZ, CRNA & JOHNATHAN ISOM, M.D.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 305315-9 T.D.      Robert L. Childers , Judge**

**No. W2002-00703-COA-R3-CV - Filed July 15, 2003**

DAVID R. FARMER, J., concurring and dissenting.

I concur with the majority opinion that the pleading filed by the plaintiff in a medical malpractice action is not required to demand a specific sum. *See* Tenn. Code Ann. § 29-26-117. I respectfully dissent from the holding that the claims against Dr. Isom and Ms. Fernandez were not barred by the one year statute of limitations due to the application of the 90 day grace period set forth in Tenn. Code Ann. § 20-1-119. The original complaint, filed November 3, 1999, alleges that on November 9, 1998, plaintiff Lafeyette Romine, Sr., underwent a total joint replacement of the left knee performed by John R. Morris, M.D. In addition to Dr. Morris the plaintiff sued The Office of Bone & Joint Surgery, P.C. and Methodist Hospital South, a division of Methodist Hospitals of Memphis. The basis of the complaint is that the negligent administration of the drug Toradol and the injuries suffered by Mr. Romine were a "result of the negligence and deviation from the standard of care by the defendants." This suit was filed within the applicable one year statute of limitations.

On December 16, 1999, Plaintiffs moved to amend the complaint by adding Julia Fernandez, a certified registered nurse anesthetist, and Dr. Johnathan Isom, a medical doctor. Since the motion to amend was filed beyond the one year statute, Plaintiffs relied upon the application of Tenn. Code Ann. § 20-1-119, which states in pertinent part as follows:

(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the

filing of the first answer or first amended answer alleging such person's fault, either:

> (1) Amend the complaint to add such a person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person;

Tenn. Code Ann. § 20-1-119 (Supp. 2002).

In order to reap the benefits of the above statute, the Plaintiffs rely upon the following portions of the answer of Defendants, Dr. Morris and The Office of Bone & Joint Surgery, P.C., which state:

> The plaintiff was administered Toradol by the Methodist Hospital staff, but not at Dr. Morris' order.
>
> . . . .
>
> Dr. Morris has no knowledge of any act of medical negligence committed by any other defendant or third party in the care and treatment of the plaintiff. *However, in the event that the plaintiff's allegations of negligence on the part of co-defendants are true*, and if the plaintiffs are successful in presenting a factual basis for those allegations, then in that instance Dr. Morris invokes the doctrine of comparative fault and says that under no circumstance would he be liable for more than a proportionate share of the total fault. (Emphasis added.)

The trial court granted the motion to amend the complaint, whereupon defendants Isom and Fernandez moved to dismiss on the basis that the claim is barred by the one year statute of limitations. In the order denying this motion, the trial court stated that the motion should be denied "because in paragraph 2 of his Answer Dr. Morris acknowledged that [Toradol] was ordered and states that he did not order the [Toradol]. The Court finds that this language is sufficient to invoke Tenn. Code Ann. § 20-1-119 and, therefore, makes the addition of the [Defendants] Isom and Fernandez timely and not barred by the Statute of Limitations." The jury returned a verdict in favor of the Plaintiff, Lafeyette Romine, Sr.[1]

In affirming the trial court's ruling that the claim against Dr. Isom and Ms. Fernandez were not barred, the majority states as follows:

> We find that the statements contained in Dr. Morris' answer were sufficient to put the Romines on notice that someone other than Dr. Morris administered the Toradol. Although Dr. Morris did not specifically state the names of Dr. Isom and Ms. Fernandez, Dr. Morris' answer provided "reasonable notice of a third party claim and, coupled with the available . . . discovery tools, the plaintiff had more than adequate opportunity and time to discover the third party's identity" and to amend

---

[1]Fault was assessed as follows: Julia Fernandez 25%, Johnathan Isom 26% and Lafeyette Romine, Sr., 49%.

their complaint to add Dr. Isom and Ms. Fernandez within the ninety (90) days following the filing of Dr. Morris' answer.

Citing *Soper v. Wal-Mart Stores, Inc.*, 923 F. Supp. 1032, 1038 (1996).[2]

The rules of statutory construction are set forth in an opinion by our Supreme Court in *Browder v. Morris*, 975 S.W.2d 308 (Tenn. 1998), as follows:

> The construction of a statute is a question of law which appellate courts review *de novo*, with no presumption of correctness. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920 (Tenn. 1998). The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being aides to that end. *Id*. at 926; *Locust v. State*, 912 S.W.2d 716, 718 (Tenn. Ct. App. 1995). We must initially look to the language of the statute itself in determining the intent of the legislature. Courts are restricted to the natural and ordinary meaning of the language used by the legislature in the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent. *Austin v. Memphis Pub. Co.*, 655 S.W.2d 146, 148 (Tenn. 1983). A statute is ambiguous if it is capable of conveying more than one meaning. *In re Conservatorship of Clayton*, 914 S.W.2d 84, 90 (Tenn. App. 1995). We must consider the language employed in context of the entire statute without any forced or subtle construction which would extend or limit its meaning. *Wilson v. Johnson County*, 879 S.W.2d 807, 909 (Tenn. 1994). Furthermore, we are to assume that the legislature used each word in the statute purposely, and that the use of these words conveys some intent and has a meaning and purpose. *Locust*, 912 S.W.2d at 718. Where words of the statute are clear and plain and fully express the legislature's intent, there is no room to resort to auxiliary rules of construction, *Roberson v. University of Tennessee*, 912 S.W.2d 746, 747 (Tenn. Ct. App. 1995), and we need only enforce the statute as written, *Clayton*, 914 S.W.2d at 90.

*Id.*, at 311.

As noted, the original complaint alleges the negligent administration of the drug Toradol by the Defendants. Dr. Morris' answer states that "[t]he plaintiff was administered Toradol by the Methodist Hospital staff, but not at Dr. Morris' order." I find it significant that Dr. Morris did not allege that the drug was negligently administered. At the time Dr. Morris filed his answer, the Defendants were Dr. Morris, The Office of Bone & Joint Surgery, P.C., and Methodist Hospital South, a Division of Methodist Hospitals of Memphis.[3] The original complaint alleges that "[a]s a

---

[2] In *Soper v. Wal-Mart Stores, Inc.*, 923 F.Supp. 1032 (1996), the answer of the defendant asserted comparative fault of the plaintiff as well as the "negligence and/or intentional misconduct of a third party over whom the defendant had no control." Unlike the present case, Wal-Mart alleged negligence of a third party.

[3] On November 30, 2000, an order of voluntary non-suit without prejudice was entered as to Dr. Morris and The Office of Bone & Joint Surgery, P.C. By order of October 31, 2001, an

sole, direct, and proximate result of the negligence and deviations from the standard of care by these defendants . . . Lafayette Romine, Sr. has endured great physical pain and mental pain and suffering and disability." At the time Dr. Morris filed his answer, there were two other defendants in addition to himself. I do not interpret this language as meeting the statutory requirements as set forth in § 20-1-119(a) that Dr. Morris alleged in his answer that a person *not a party to the suit* caused or contributed to the injury or damage for which the Plaintiffs sought recovery. His answer simply stated that the Toradol was administered by the defendant Methodist Hospital's staff, but not at Dr. Morris' order. His answer further states that he had no knowledge of any active medical negligence committed by any other defendant or third party in the care and treatment of the Plaintiff. However, in the event that Plaintiffs' allegations of negligence on the part of *Co-Defendants* are true, and if the Plaintiffs are successful in presenting a factual basis for these allegations, then Dr. Morris invokes the doctrine of comparative fault and alleges that under no circumstances would he be liable for more than a proportionate share. As I interpret this portion of his answer, he denies knowledge of any act of medical negligence committed by any other defendant or third party, but if the allegations of negligence on the part of Co- Defendants are true, then he relies upon the doctrine of comparative fault. I do not interpret this as an allegation that "a person not a party to the suit caused or contributed to the injury or damage for which the Plaintiff seeks recovery." I do not find the statute to be ambiguous. I agree with the majority that the statute should be liberally construed. However I believe that in giving the words of the statute reasonable and ordinary meanings, the result would be that § 20-1-119 would not be applicable and the claims against Dr. Isom and Ms. Fernandez would be barred by the one year statute of limitations set forth in the medical malpractice act.

 

_____
DAVID R. FARMER, JUDGE

---

order granting partial summary judgment was entered as to Defendant Hospital South, a division of Methodist Healthcare - Methodist Hospitals. On January 25, 2002, an order of dismissal with prejudice as to Methodist Healthcare/Memphis Hospitals (incorrectly identified as Methodist Hospital South, a Division of Methodist Hospitals of Memphis) was entered.