IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
NOVEMBER 16, 2010 Session

## CALVIN GRAY MILLS, JR., and wife, LINDA MILLS
## v. FULMARQUE, INC.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005990-05      James F. Russell, Judge**

---

**No. W2010-00933-COA-R3-CV - Filed December 23, 2010**

---

Plaintiffs initially filed suit against Royal Group, among others. In its answer, Royal Group alleged the comparative fault of Aaron Rents, Inc. Because the one-year statute of limitations had run, Plaintiffs utilized Tennessee Code Annotated section 20-1-119's ninety-day window to amend their complaint to add Aaron Rents as a defendant. However, in its answer, Aaron Rents then identified Fulmarque, Inc. as a comparative tortfeasor. Plaintiffs again amended their complaint to add Fulmarque as a defendant, but summary judgment was granted to Fulmarque based upon the running of the statute of limitations.

On appeal, the parties disagree as to whether Tennessee Code Annotated section 20-1-119 authorizes successive ninety-day windows in which additional defendants may be named. We are asked to interpret whether the term "applicable statute of limitations" as used in the statute, and appearing in the phrase "or named in an amended complaint filed within the applicable statute of limitations," refers only to the one-year limitation period for personal injury or to the limitation period as extended by the ninety-day window. We find that the term does not simply refer to the one year limitation period for personal injury, but also to the limitation period as extended by the ninety-day window. Therefore, because Aaron Rents was "named in an a amended complaint filed within the applicable statute of limitations[,]" and because Plaintiffs amended their complaint to name Fulmarque within ninety days from Aaron Rents' identification of Fulmarque in its answer, we find that the trial court erred in granting summary judgment to Fulmarque.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

J. Houston Gordon, Covington, Tennessee; Irma Merrill Stratton, Memphis, TN, for the appellants, Calvin Gray Mills, Jr. and wife, Linda Mills

Andrew H. Owens, Memphis, Tennessee, for the appellee, Fulmarque, Inc.

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

Calvin Gray Mills, Jr. and his wife, Linda Mills, ("Plaintiffs") filed suit against N & M Investment, L.P. and The Royal Group, Inc. d/b/a The Allen Stone Box Company ("Royal Group") on December 20, 2002 in the Federal District Court for the Western District of Tennessee in Memphis, alleging personal injuries arising from an April 24, 2002 accident. In its amended answer, filed January 2, 2004, Royal Group first alleged the comparative fault of Aaron Rents, Inc. Because the one-year statute of limitations for personal injury actions[1] had run, Plaintiffs utilized Tennessee Code Annotated section 20-1-119's ninety-day window to amend their complaint on January 26, 2004, to name Aaron Rents as a defendant.

In its April 4, 2004 Answer, Aaron Rents first alleged the comparative fault of Fulmarque, Inc. Plaintiffs then filed a Second Amended Complaint on April 30, 2004 naming Fulmarque as a defendant.[2] Fulmarque moved for summary judgment arguing that because Aaron Rents was not sued within one-year from the date of injury, its naming of Fulmarque in its answer did not trigger a ninety-day window within which Plaintiffs could add Fulmarque as a defendant, and thus, that Plaintiffs' claim against Fulmarque was time-barred. The trial court agreed and granted Fulmarque's motion for summary judgment.[3] Plaintiffs appeal.

---

[1]Tenn. Code Ann. § 28-3-104 provides that actions for "injuries to the person" "shall be commenced within one (1) year after the cause of action accrued."

[2]Because the addition of Fulmarque destroyed diversity jurisdiction, the federal litigation was dismissed on December 9, 2004, and the case refiled in the Shelby County Circuit Court. Additionally, we note that a "Plaintiff's right to amend a complaint to add a defendant in a comparative fault action under section 20-1-119 requires written consent of the adverse parties or leave of court." *Jones v. Prof'l Motorcycle Escort Serv., L.L.C.*, 193 S.W.3d 564, 569 (Tenn. 2006). Compliance with this requirement is not at issue on appeal.

[3]The trial court denied Plaintiffs' initial motion for summary judgment, and this Court denied Fulmarque's application for interlocutory appeal. However, the trial court granted Fulmarque's renewed motion for summary judgment.

## II.   Issue Presented

On appeal, we are asked to interpret whether the term "applicable statute of limitations" as used in Tennessee Code Annotated section 20-1-119, and appearing in the phrase "or named in an amended complaint filed within the applicable statute of limitations," refers only to the one-year limitation period for personal injury or to the limitation period as extended by the ninety-day window. The question presented is one of first impression in this State.[4]

## III.   Discussion

Tennessee adopted a system of modified comparative fault in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992), which allows a plaintiff to recover as long as his fault is less than that of the defendant. *Browder v. Morris*, 975 S.W.2d 308, 310 (Tenn. 1998). Of course, the plaintiff's damages are reduced according to his own fault. *Id.* (citing *McIntyre*, 833 S.W.2d at 57). Regarding attributing fault to nonparties, the *McIntyre* court stated:

> fairness and efficiency require that defendants called upon to answer allegations [of] negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought. In cases where such a defense is raised, the trial court shall instruct the jury to assign this nonparty the percentage of the total negligence for which he is responsible. However, in order for a plaintiff to recover a judgment against such additional person, the plaintiff must have made a timely amendment to his complaint and caused process to be served on such additional person.

*Id.* (quoting *McIntyre*, 833 S.W.2d at 58). The Court "anticipated a statute of limitations predicament for some plaintiffs because a defendant could plead the fault of a nonparty after the statute of limitations had run against that nonparty, thus preventing the plaintiff from adding the nonparty to the suit." *Id.* To address this concern, the legislature enacted Tennessee Code Annotated section 20-1-119, which provides in relevant part:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the

---

[4]This issue was previously certified to our Supreme Court from the United States District Court for the Eastern District of Tennessee; however, the question was rendered moot and, therefore, not addressed. *See Curtis v. G.E. Capital Modular Space*, 155 S.W.3d 877, 879 (Tenn. 2005).

applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

(1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.

(c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a).

. . . .

(e) This section shall not limit the right of any defendant to allege in an answer or amended answer that a person not a party to the suit caused or contributed to the injury for which the plaintiff seeks recovery.

(f) As used in this section, "Person" means any individual or legal entity.

**Tenn. Code Ann. § 20-1-119**. It is this statute which the parties now ask us to construe. Specifically, we are asked to construe subsection (a)'s a ninety-day window for adding a comparative tortfeasor who is "named in an amended complaint filed within the applicable statute of limitations."

The construction of a statute is a question of law which we review *de novo* without a presumption of correctness. ***Browder***, 975 S.W.2d at 311 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920 (Tenn. 1998)). When construing a statute, our role is to effectuate the intent of the legislature, ***Ward v. AMI SUB (SFH), Inc.***, 149 S.W.3d 35, 39 (Tenn. Ct. App. 2004) (citing *Frazier v. East Tenn. Baptist Hosp., Inc.*, 55 S.W.3d 925, 928 (Tenn. 2001)), which is determined "'from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning.'" ***Browder***, 975 S.W.2d at 311 (quoting *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000)). We must "assume that the legislature used each word in the statute purposely, and that the use of these words conveys some intent and has a meaning and purpose." ***Id.*** (citing *Locust v. State*, 912 S.W.2d 716, 718 (Tenn. Ct. App. 1995)). "Where the words of the statute are clear and plain and fully express the legislature's intent, there is no room to resort to auxiliary rules of construction," ***Id.*** (citing *Roberson v. Univ. of Tenn.*, 912 S.W.2d 746, 747 (Tenn. Ct. App. 1995), and we must simply enforce the statute as written. ***Id.*** (citing *In re Conservatorship of Clayton*, 914 S.W.2d 84, 90 (Tenn. Ct. App. 1995)). However, when the statutory language is ambiguous "'and the parties legitimately derive different interpretations, we must look to the entire statutory scheme to ascertain the legislative intent.'" ***Humphrey v. State***, No. E2003-00617-COA-R3-CV, 2003 WL 22046152, at *2 (Tenn. Ct. App. Aug. 28, 2003) *perm. app. denied* (Tenn. Oct. 4, 2004) (quoting *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 599 (Tenn. 1999)). "'Where the language of the statute does not speak to the precise issue, courts should 'give consideration to the purpose, objective and spirit behind the legislation.'" ***McClendon v. Bunick***, No. E1999-02814-COA-R3-CV, 2001 WL 536614, at *4 (Tenn. Ct. App. May 21, 2001) (quoting *Lipscomb v. Doe*, 32 S.W.3d 840, 845 (Tenn. 2000)).

On appeal, the parties essentially dispute whether Tennessee Code Annotated section 20-1-119 allows successive ninety-day windows. Subsection (b) states that "[a] cause of action brought within ninety (90) days pursuant to subsection (a) *shall not be barred by any statute of limitations*[,]" **Tenn. Code Ann. § 20-1-119(b)** (emphasis added), but the statute fails to specify whether such actions are to be considered brought "within the applicable statute of limitations[.]" Plaintiffs contend that successive ninety-day windows are allowed: because Aaron Rents was properly added as a defendant within ninety days of being identified by original defendant Royal Group, Aaron Rents was sued "within the applicable statute of limitations." Thus, Plaintiffs contend, they are afforded a second ninety-day window from the time of Aaron Rents' answer to name additional defendants identified in such.

However, Fulmarque argues that successive ninety-day periods are not allowed under the statute. According to Fulmarque, Aaron Rents was not "named in an amended complaint filed within the *applicable statute of limitations*" but rather in an amended complaint filed

within *a ninety-day window*. Thus, Fulmarque argues that the filing of Aaron Rents' answer did not trigger an additional ninety-day window in which Plaintiffs could amend their complaint.

As required, we first look to the plain language of the statute to determine whether Tennessee Code Annotated section 20-1-119 extends "the applicable statute of limitations," that is, whether an amended complaint filed beyond the original statute of limitations yet within ninety days from the identification of a comparative tortfeasor in an answer or an amended answer, is "filed within the applicable statute of limitations[.]" Fulmarque contends that the statute clearly requires a defendant to have been sued within the original statute of limitations for a cause of action – in this case, within one year – in order for that defendant's answer naming a comparative tortfeasor to trigger a ninety-day window. We disagree with Fulmarque's contention that the statute is so "clear."

When a comparative tortfeasor is identified in an answer or an amended answer outside of the original statute of limitations for the underlying action, a plaintiff may, within ninety days, elect either to institute a separate action against that person or to amend his complaint to add that person. **Tenn. Code Ann. § 29-1-119(a)**. Subsection (a)(2) expressly states that if a plaintiff elects to institute a separate action, the complaint filed "shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a)." **Tenn. Code Ann. § 29-1-119(a)(2)**. Thus, if a plaintiff elects to file a separate action against such tortfeasor, no second ninety-day window is triggered to allow suit against additional comparative tortfeasors identified in his answer. However, the statute does not mention any such limitation where the plaintiff elects to amend his complaint rather than file a separate action. Fulmarque suggests that interpreting the statute to allow successive ninety-day windows when a complaint is amended, but not when a separate action is instituted, would "create a conflicting dichotomy" that the legislature did not intend. We acknowledge that the statute identifies no rationale for differential treatment based on the plaintiff's election; however, the express preclusion of successive ninety-day windows when a separate action is filed suggests that the legislature, had it wished to do so, could have included such language regarding amended complaints. *See State v. Edmondson*, 231 S.W.3d 925, 927 (Tenn. 2007) ("'[W]here the legislature includes particular language in one section of the statute but omits it in another section of the same act, it is presumed that the legislature acted purposefully in including or excluding that particular subject.'") (quoting *Bryant v. Genco Stamping & Mfg. Co.*, 33 S.W.3d 761, 765 (Tenn. 2000)).

Fulmarque suggests that we should construe "applicable statute of limitations" to include only the statute of limitations for the underlying action. Considering an amended complaint filed within a ninety-day window as having been "filed within the applicable statute of limitations," Fulmarque argues, would render the term "applicable" superfluous,

as a defendant could always be brought in through a ninety-day window.  We are mindful that the "'rules of statutory construction declare that a legislature is presumed to have used no superfluous words.'" ***In re Hogue***, 286 S.W.3d 890, 896 (Tenn. 2009) (quoting *Platt v. Union Pac. R.R.*, 99 U.S. 48 (1878)).  However, we do not believe that including a ninety-day window within "applicable statute of limitations" renders "applicable" useless.  Instead, the use of the term supports a conclusion that two statutes of limitation are in operation: the original defendant must be named within the statute of limitations for the underlying action – the "statute of limitations" "applicable" to him – while a comparative tortfeasor must be named within ninety days from the answer alleging his fault, the "statute of limitations" "applicable" to him.

Subsection (e) states that "[t]his section shall not limit the right of any defendant to allege in an answer or amended answer that a person not a party to the suit caused or contributed to the injury for which the plaintiff seeks recovery."  **Tenn. Code Ann. §20-1-119**.  Fulmarque argues that this section supports its theory that successive ninety-day windows are not allowed, as subsection (e) acknowledges that "there will be allegations against entities that cannot be brought in the litigation."  However, subsection (c) provides strong evidence that the legislature intended to allow successive ninety-day windows.  Again, subsection (c) states that "This section shall neither shorten nor lengthen the *applicable statute of limitations* for any cause of action, *other than as provided in subsection (a)*."  **Tenn. Code Ann. § 20-1-119(c)** (emphasis added).  Subsection (c)'s plain language suggests that the ninety-day window "lengthen[s]" the "applicable statute of limitations[,]" such that an amended complaint filed within a ninety-day window should be considered filed "within the applicable statute of limitations."

We disagree that the plain language of the statute clearly prohibits successive ninety-day windows in which comparative tortfeasors may be named.  Instead, we find language suggesting that successive periods are allowed, and, at a minimum, we find the statute ambiguous.  As we stated above, where statutory language is ambiguous, we must "'give[] consideration to the purpose, objective and spirit behind the legislation.'" ***McClendon***, 2001 WL 536614, at *4 (quoting *Lipscomb*, 32 S.W.3d at 845).

Our Supreme Court has stated that "Tenn. Code Ann. § 20-1-119 was enacted in response to [the] adoption of comparative fault, and that the concepts of fairness and efficiency form the basis of such a system." ***Browder***, 975 S.W.2d at 312 (citing *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 424 (Tenn. 1996)).  In *Browder*, the Court, holding that the statute contemplates naming vicariously liable nonparties as defendants, went on to state:

> It is neither fair nor efficient in a comparative fault scheme to permit a
> defendant to identify a financially or legally responsible non-party after the

statute of limitations has run against that nonparty, yet deny the plaintiff an opportunity to join them as a defendant. Even though the financially responsible nonparty may not itself be negligent, it is still legally responsible for the plaintiff's damages. To require as a matter of law that such nonparties be left out of the suit after being identified by a defendant is not consistent with notions of fairness and efficiency, as the plaintiff will be forced to bear the loss for any liability that it fails or is unable to assert and any judgment that cannot be enforced.

975 S.W.2d at 312 (footnote omitted). Furthermore, the Court has described the statute as providing "'an injured party with a fair opportunity to bring before the court all persons who caused or contributed to the party's injuries[,]'" *Austin v. State*, 222 S.W.3d 354, 357 (Tenn. 2007) (quoting *Townes v. Sunbeam Oster Co.*, 50 S.W.3d 446, 451 (Tenn. Ct. App. 2001)), and acknowledged that "[i]n light of this purpose, we have rejected arguments that narrowly construe Tennessee Code Annotated section 20-1-119[.]" *Id.* (holding that the opportunity to recover from a defendant should not be foreclosed simply because the plaintiff's complaint failed to explicitly allege comparative fault) (citing *Browder*, 975 S.W.2d at 312). Moreover, the Middle Section of this Court has cautioned against interpreting the statute "too narrowly[,]" emphasizing that the statute is "remedial and should be construed liberally." *Townes*, 50 S.W.3d at 451 (holding that plaintiffs' knowledge of defendant's potential liability at the time the original complaint was filed did not prohibit plaintiffs from amending their complaint to add defendant pursuant to the statute).

Bearing these principles in mind, we find that the term "applicable statute of limitations" as used in Tennessee Code Annotated section 20-1-119, and appearing in the phrase "or named in an amended complaint filed within the applicable statute of limitation," does not refer simply to the one-year limitation period for personal injury, but also to the limitation period as extended by the ninety-day window. As such, because Aaron Rents was "named in an amended complaint filed within the applicable statute of limitations[,]" and because Plaintiffs amended their complaint to name Fulmarque within ninety days from Aaron Rents' identification of Fulmarque in its answer, we find that the trial court erred in granting summary judgment to Fulmarque based upon a running of the statute of limitations. The trial court's grant of summary judgment is reversed, and this cause remanded for further proceedings.

## IV. CONCLUSION

For the aforementioned reasons, we reverse the circuit court's grant of summary judgment, and we remand for further proceedings. Costs of this appeal are taxed to Appellee, Fulmarque, Inc., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.