Charles R. BROWDER and Teresa Noland Browder, Plaintiffs/Appellants,

v.

Jerry C. MORRIS and Chris Castleberry, et al., Defendants/Appellees.

Supreme Court of Tennessee, at Jackson.

Aug. 31, 1998.

Randall J. Fishman, Mark A. Mesler, Ballin, Ballin & Fishman, P.C., Memphis, for Plaintiffs–Appellants.

J. Cecil McWhirter, McWhirter & Wyatt, Memphis, for Defendants-Appellees Morris and Castleberry.

Robert L. Moore, Andrea N. Malkin, Thomas, Hendrix, Harvey, Johnson & Mitchell, Memphis, for Defendant-Appellee Paul Davis Systems, Inc.

James W. Cook, Card, Cook & Holt, Memphis, for Defendant-Appellee General Accident Group.

## OPINION

DROWOTA, Justice.

In this negligence action, the plaintiffs-appellants, Charles and Teresa Browder, have appealed from the Court of Appeals' decision to affirm the trial court's denial of a motion seeking to amend their complaint for personal injuries filed against the defendants-appellees, Jerry Morris and Chris Castleberry. The plaintiffs' motion, which sought to name an additional party to the suit, was made pursuant to Tenn.Code Ann. § 20–1–119. This statute allots a plaintiff in a comparative fault case additional time beyond the running of the applicable statute of limitations to name as a defendant an unnamed person or entity alleged by a defendant to have "caused or contributed to the injury or damage for which the plaintiff seeks recovery." Tenn.Code Ann. § 20–1–119(a). The issue we must decide is whether Tenn.Code Ann. § 20–1–119 permits adding to the suit unnamed persons or entities whose liability is vicarious only. For the reasons explained hereafter, we conclude that it does. Accordingly, the decision of the lower courts to deny the plaintiffs' motion to amend their complaint to name an additional party pursuant to Tenn.Code Ann. § 20–1–119 is reversed.[1]

### BACKGROUND

According to the plaintiffs' complaint filed on July 25, 1994, Charles Browder was involved in an automobile accident with Jerry Morris on July 26, 1993. The plaintiffs asserted that Morris was negligently driving a car owned by Chris Castleberry, and that both Morris and Castleberry were liable to the plaintiffs.[2] Morris and Castleberry, along with the plaintiffs' uninsured motorist insurer, General Accident Insurance Company ("General Accident"), filed answers to the complaint. General Accident subsequently amended its answer on October 19, 1995, to name Morris' employer, Paul Davis Systems, Inc., as an unnamed defendant. General Accident asserted in its amended answer that Morris was acting within the scope of his employment with Paul Davis Systems at the time of the accident. Therefore, Paul Davis Systems was vicariously liable for the negligence of Morris.[3]

In response to General Accident's amended answer naming Paul Davis Systems as an unnamed defendant, the plaintiffs moved to amend their complaint on November 2, 1995, to add Paul Davis Systems as a defendant in the suit. Paul Davis Systems opposed the

---

1. Oral argument was heard in this case on May 13, 1998, in Memphis, Shelby County, Tennessee, as part of this Court's S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

2. Plaintiff Teresa Browder, the wife of Charles Browder, asserted a claim for loss of consortium.

3. General Accident's amended answer states in pertinent part that "at the time of the accident, Jerry Morris was on or about the business of Paul Davis Systems, his employer, within the course and scope of his employment and acting at the command of his employer, acting as the agent and servant of his employer. It is specifically averred that Paul Davis Systems, the employer of Jerry Morris, is an unnamed defendant."

motion on the grounds that Tenn.Code Ann. § 20–1–119 was not applicable to this case and, therefore, the plaintiffs' cause of action against it was barred by the statute of limitations. Paul Davis Systems claimed that since its liability was vicarious only in that it did not cause or contribute to the plaintiffs' injuries, it could not be added as a party under Tenn.Code Ann. § 20–1–119.

The trial court denied the plaintiffs' motion to amend their complaint to name Paul Davis Systems as a defendant. On interlocutory appeal, the Court of Appeals affirmed the trial court. The appeals court held that Tenn.Code Ann. § 20–1–119 did not apply to those persons or entities who are vicariously liable for a plaintiff's injury. The court "assumed that the legislature carefully chose and purposely used the words 'caused or contributed to' [in Tenn.Code Ann. § 20–1–119(a)]. These words must be construed to mean what they say. Under their plain meaning, the statute limits a plaintiff to additionally name only those defendants who allegedly 'caused or contributed to' the plaintiff's injuries. By definition, one who is vicariously liable is not one who has 'caused or contributed to' another's injuries." Because Paul Davis Systems neither caused nor contributed to the plaintiffs' injuries, but was vicariously liable only, the Court of Appeals held that the trial court correctly denied the plaintiffs' motion to name Paul Davis Systems as an additional defendant. Thereafter, we granted review to determine whether Tenn.Code Ann. § 20–1–119 contemplates naming vicariously liable nonparties as defendants.

### *ANALYSIS*

#### I.

In *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn.1992), we adopted a system of modified comparative fault. Under this system, a plaintiff can recover so long as the plaintiff's negligence is less than the defendant's negligence. In such a case, the plaintiff's damages are reduced to reflect his degree of fault. *Id.* at 57. With regard to attributing fault to nonparties, we stated in *McIntyre* that

fairness and efficiency require that defendants called upon to answer allegations [of] negligence be permitted to allege, as an affirmative defense, that a nonparty **caused or contributed to the injury or damage** for which recovery is sought. In cases where such a defense is raised, the trial court shall instruct the jury to assign this nonparty the percentage of the total negligence for which he is responsible. However, in order for a plaintiff to recover a judgment against such additional person, the plaintiff must have made a timely amendment to his complaint and caused process to be served on such additional person.

*McIntyre*, 833 S.W.2d at 58 (emphasis added). We thus recognized in *McIntyre* that a defendant in a comparative fault case can attempt to shift some or all of the legal responsibility to another by alleging that a nonparty "caused or contributed" to the plaintiff's injury. We also anticipated a statute of limitations predicament for some plaintiffs because a defendant could plead the fault of a nonparty after the statute of limitations had run against that nonparty, thus preventing the plaintiff from adding the nonparty to the suit. Any fault attributed to the time-barred nonparty would then not be recoverable by the plaintiff.

In an effort to respond to this problem, the legislature enacted Tenn.Code Ann. § 20–1–119. This statute provides in pertinent part:

> **Comparative fault—Joinder of third party defendants.**—(a) In civil actions where comparative fault is or becomes an issue, **if a defendant** named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, **alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery**, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff, may, within ninety (90) days of the filing of

the first answer or first amended answer alleging such person's fault, either:

(1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint....

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose.... (Emphasis added).

 The construction of a statute is a question of law which appellate courts review *de novo*, with no presumption of correctness. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920 (Tenn.1998). The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being aides to that end. *Id.* at 926; *Locust v. State*, 912 S.W.2d 716, 718 (Tenn.App.1995). We must initially look to the language of the statute itself in determining the intent of the legislature. Courts are restricted to the natural and ordinary meaning of the language used by the legislature in the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent. *Austin v. Memphis Pub. Co.*, 655 S.W.2d 146, 148 (Tenn.1983). A statute is ambiguous if it is capable of conveying more than one meaning. *In re Conservatorship of Clayton*, 914 S.W.2d 84, 90 (Tenn.App.1995). We must consider the language employed in context of the entire statute without any forced or subtle construction which would extend or limit its

meaning. *Wilson v. Johnson County*, 879 S.W.2d 807, 809 (Tenn.1994). Furthermore, we are to assume that the legislature used each word in the statute purposely, and that the use of these words conveys some intent and has a meaning and purpose. *Locust*, 912 S.W.2d at 718. Where words of the statute are clear and plain and fully express the legislature's intent, there is no room to resort to auxiliary rules of construction, *Roberson v. University of Tennessee*, 912 S.W.2d 746, 747 (Tenn.App.1995), and we need only enforce the statute as written, *Clayton*, 914 S.W.2d at 90.

## II.

The parties in this case agree that resolving the issue before us requires an interpretation of the language "caused or contributed to" as used in Tenn.Code Ann. § 20–1–119(a). Relying upon the legislative history of Tenn. Code Ann. § 20–1–119, the plaintiffs argue that the legislature did not intend to exclude vicariously liable nonparties from the group of potential defendants that can be joined under the statute. The plaintiffs also rely upon post-*McIntyre* case law, namely *Camper v. Minor*, 915 S.W.2d 437 (Tenn.1996), for the proposition that the doctrine of vicarious liability continues to be viable after the adoption of comparative fault.

 We agree with the plaintiffs that vicarious liability,[4] or imputed negligence,[5] continues to be viable after the adoption of comparative fault. One who is vicariously liable is held to be financially responsible for the tortious actions of another, even though the vicariously liable party was not negligent. *See Prosser and Keeton on Torts*, § 69 (5th ed.1984). The adoption of comparative fault

---

**4.** Vicarious liability is defined as the "imposition of liability on one person for the actionable conduct of another, based solely on a relationship between the two persons. Indirect or imputed legal responsibility for acts of another; for example, the liability of an employer for the acts of an employee, or a principal for torts and contracts of an agent." *Black's Law Dictionary* 1566 (6th ed.1990).

**5.** Imputed negligence refers to the same concept as vicarious liability. "The negligence of one person may be chargeable to another depending upon the relationship of the parties, as for example, the negligence of an agent acting within the scope of his employment is chargeable to the principal. Negligence which is not directly attributable to the person himself, but which is the negligence of a person who is in privity with him, and with whose fault he is chargeable." *Black's Law Dictionary* 758 (6th ed.1990). *See also Prosser and Keeton on Torts*, § 69, 499 (5th ed. 1984)("Imputed negligence means that, by reason of some relation existing between A and B, the negligence of A is to be charged against B, although B played no part in it, has done nothing whatever to aid or encourage it, or indeed has done all that he possibly can to prevent it.").

did not change this principle. Vicarious liability still applies, for example, where liability attaches under the family purpose doctrine, respondeat superior, or similar circumstance where liability is vicarious due to an agency-type relationship between the active, or actual, wrongdoer and the one who is vicariously responsible. *See Camper v. Minor*, 915 S.W.2d 437, 447–48 (Tenn.1996).

We further recognize that a literal reading of Tenn.Code Ann. § 20–1–119(a) suggests that only a person or entity whose negligent conduct caused or contributed to the plaintiff's injury in a cause in fact sense can be named as a defendant under the statute. A person or entity who is merely vicariously liable is necessarily not one whose negligent conduct can cause or contribute to an injury. Such parties are liable only because of their legal relationship with the one whose negligent conduct did cause or contribute to the plaintiff's injury in a cause in fact sense. Thus, the decision of the lower courts in this case that Tenn.Code Ann. § 20–1–119 would not extend the time for the plaintiffs to amend their complaint to name Paul Davis Systems as a defendant is a plausible approach.

 We are persuaded, however, that the statute should not be construed so narrowly. It must be remembered that Tenn. Code Ann. § 20–1–119 was enacted in response to this Court's adoption of comparative fault, and that the concepts of fairness and efficiency form the basis of such a system. *See Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn.1996). It is neither fair nor efficient in a comparative fault scheme to permit a defendant to identify a financially or legally responsible nonparty after the statute of limitations has run against that nonparty, yet deny the plaintiff an opportunity to join them as a defendant. Even though the financially responsible nonparty may not itself be negligent, it is still legally responsible for the plaintiff's damages. To require as a matter of law that such nonpar-

ties be left out of the suit after being identified by a defendant [6] is not consistent with notions of fairness and efficiency, as the plaintiff will be forced to bear the loss for any liability that it fails or is unable to assert and any judgment that cannot be enforced. Accordingly, we hold that Tenn.Code Ann. § 20–1–119 contemplates naming vicariously liable nonparties as defendants.

The interpretation we have given to Tenn. Code Ann. § 20–1–119 is not only in keeping with the concepts of fairness and efficiency, but is consistent with post-*McIntyre* case law which makes it clear that vicarious liability continues to be a viable principle. *See Camper*, 915 S.W.2d at 447–48. In addition, our construction of the statute is supported by the legislative history. The senate sponsor of the legislation stated in response to a question from another senator that the statute would affect the issue of damages, not just the allocation of fault, because nonparties might be brought in who share financial responsibility for an injury. This observation by the sponsor of the legislation takes on added significance when it is remembered that the critical wording in the statute, "caused or contributed to the injury or damage," is the identical language this Court used in *McIntyre* to describe when a party could attempt to shift some or all of the legal responsibility to a nonparty. *See McIntyre*, 833 S.W.2d at 58. And as noted above, this Court has determined post*McIntyre* that vicarious liability survived the adoption of comparative fault.

In view of the foregoing discussion, we conclude that the trial court erred in denying the plaintiffs' motion to amend their complaint to join Paul Davis Systems as a defendant. While Paul Davis Systems neither caused nor contributed to the plaintiffs' injuries in a cause in fact sense, Paul Davis Systems is nonetheless legally responsible for the alleged negligence of Morris. As such, Paul Davis Systems falls within the

---

**6.** The language of the statute states that before a person may be added as a defendant by the plaintiff the *defendant* (here General Accident) must first allege that the "person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery

(here Paul Davis Systems)." General Accident did not so plead in its amended answer. Accordingly, it can be argued that the *plaintiff* should not be required to add the non-party as a defendant.

group of potential defendants that can be joined under Tenn.Code Ann. § 20–1–119.

## CONCLUSION

The decision of the trial court and court of appeals is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to Paul Davis Systems, Inc.

ANDERSON, C.J., BIRCH, HOLDER and BARKER, JJ., concur.