IN THE COURT OF APPEALS

AT KNOXVILLE

# FILED

**November 29, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| RALPH MOORE, LINDA MOORE, | ) | ROANE COUNTY |
| WAYNE MOORE, AND REBECCA MOORE | ) | 03A01-9903-CV-00118 |
| | ) | |
|     Plaintiffs-Appellees | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. RUSSELL SIMMONS, JR. |
| | ) | JUDGE |
| | ) | |
| DANNIE CHRISTMAS | ) | |
| | ) | |
|     Defendant-Appellant | ) | REVERSED AND REMANDED |

GREG LEFFEW OF ROCKWOOD FOR APPELLANT

RALPH MOORE, LINDA MOORE, WAYNE MOORE, AND REBECCA MOORE, PRO SE

O P I N I O N

Goddard, P.J.

This is an appeal from the Circuit Court's order

requiring Dannie Christmas to pay towing and storage costs for

the Appellees' automobiles, boats, and other towed items. Dannie Christmas, Defendant-Appellant, raises the following issues:

    I.    Is <u>Tennessee Code Annotated</u> Section 29-15-124 limited solely to actions for ejectment and inapplicable to actions for unlawful detainer?

    II.    In an unlawful detainer action, should the costs of removing and storing a defendant's personal property be borne by the defendant?

The background of this case arises from an unlawful detainer action filed by Dannie and Sharon Christmas against Ralph and Linda Moore in the Roane County General Sessions Court. A judgment was entered for the Christmases to gain possession of the real estate. The Moores appealed the judgment against them to the Roane County Circuit Court. The Circuit Court and this Court affirmed the judgment against the Moores. <u>See</u> <u>Christmas v. Moore</u>, an unreported opinion of this Court, filed in Knoxville on July 6, 1998.

The facts pertinent to this appeal occurred between May 7, 1997 and May 9, 1997. The Roane County Sheriff's Department served the writ of possession on May 7, 1997. After service of the writ, the Moores had adequate time to remove their belongings. The Moores did not remove their belongings or their automobiles and boats. On May 8, 1997, the Moores' automobiles, boats, and other items were towed by Goldston's Wrecker Service pursuant to Mr. Christmas' request. On May 9, 1997, the Moores' furniture and other personal

belongings were removed from the house.

The Moores sued for damages sustained to their personal property which was removed from the house and placed near the street while it rained.  Additionally, the Moores prayed for damages, depreciation, towing and storage costs for the items towed.  The lower court denied damages for the personal property removed from the house.  Relying upon Tennessee Code Annotated section 29-15-124, the lower court awarded towing and storage costs to the Moores for the items towed.  The lower court found Mr. Christmas did not provide the Moores with the option provided in the Code and, therefore, he was responsible for the towing and storage costs.

The Tennessee Code provides for the disposition of contents upon execution as follows:

(a) In executing a writ of possession after judgment *in an action of ejectment*, the person being ejected shall have the option of having his personal property removed to a local warehouse for storage or having it removed from the property as has been the procedure of the sheriffs prior to March 28, 1976.
(b) All storage fees and transportation costs incurred are to be paid by the owner of the stored property.

Tenn. Code Ann. § 29-15-124 (1998)(emphasis added).

When interpreting a statute, the appellate court's standard of review is *de novo* without a presumption of correctness.  See <u>Browder v. Morris</u>, 975 S.W.2d 308, 311 (Tenn. 1998).  "The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being aides to that end."

Browder, 975 S.W.2d at 311.  In ascertaining legislative intent, we look to the plain language of the statute.  "Courts are restricted to the natural and ordinary meaning of the language used by the legislature in the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent."  Browder, 975 S.W.2d at 311.  Where the statute is clear in expressing the legislature's intent, there is no need to resort to auxiliary rules of construction and we need only enforce the statute as written.  Browder, 975 S.W.2d at 311 (citations omitted).

From the clear language of the statute, this section only applies to "an action of ejectment."  This case involves an unlawful detainer action.  The language of the statute is clear and unambiguous.  The lower court erred in applying this section to an unlawful detainer action.

The second issue raised by Mr Christmas involves his liability for the towing and storage costs of the towed items.  In Simmons v. O'Charley's, Inc., 914 S.W.2d 895, 903 (Tenn. Ct. App. 1995), this Court held that "the injured party is entitled to damages sustained by virtue of the unlawful detention of the premises."  Only those damages proximately caused by the defendant are recoverable.  Simmons, 914 S.W.2d at 903.

Mr. Christmas argues that he should not be responsible for the towing and storage expenses when the

Moores had adequate time to remove the towed items.  We agree. Because the Moores failed to remove their property after adequate notice and adequate time to act, the Moores are responsible for the towing and storage expenses.

For the foregoing reasons the judgment of the Circuit Court is reversed and the cause remanded for collection of costs below, which are, as are costs of appeal, adjudged against the Appellees.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.