**IN THE COURT OF APPEALS AT NASHVILLE**

**FILED**

**March 31, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| ESTATE OF | ) | M1999-00678-COA-R3-CV |
| JACKSON BROWN DIVINNY, | ) | DAVIDSON COUNTY |
| | ) | Circuit No: |
| Appellee, | ) | 98P1225 |
| | ) | |
| v. | ) | |
| | ) | |
| WHEELER BONDING COMPANY, INC., | ) | |
| | ) | |
| Appellant. | ) | |

APPEALED FROM THE PROBATE COURT OF DAVIDSON COUNTY

THE HONORABLE FRANK G. CLEMENT, JR., PROBATE JUDGE


Joel H. Moseley
Moseley & Moseley
Attorneys at Law, P.C.
Suite 300, One Church Street
101 Church Street
Nashville, TN 37201

      Attorney for Appellant

Peggy D. Mathes
214 Second Avenue North, Suite 105
Nashville, TN 37201

      Attorney for Appellee


REVERSED AND REMANDED

**Houston M. Goddard, Presiding Judge**


CONCUR:

SUSANO, J.
SWINEY, J.


O P I N I O N

Wheeler Bonding Company, Inc., the Appellant, appeals the Davidson County Probate Court's judgment barring its claim against the Estate of Jackson Brown Divinny, the Appellee, as untimely filed.

The sole issue presented by WBS is whether a claim filed by a creditor against an estate within the period prescribed in a published notice in accordance with Tennessee Code Annotated § 30-2-306(c) is barred by Tennessee Code Annotated §§ 30-2-307 or 30-2-310, when probate of the estate was not sought until more than one year after the decedent's death.

On October 1, 1995, Mr. Divinny entered into a contract with WBC to guarantee the appearance bond for Denise M. Winn.[1] Mr. Divinny's obligation under the contract was for not only the amount of the bond but also any expenses incurred by WBC.

When Ms. Winn failed to appear in court and WBC was unable to locate her, a forfeit judgment in the amount of $1,038.50 was entered against WBC. WBC paid the judgment on April 28, 1997.

Mr. Divinny died intestate on March 10, 1997. When no one came forward to admit Mr. Divinny's estate to probate, WBC, which had not been reimbursed for the judgment it had paid, filed a complaint on August 10, 1998 pursuant to Tennessee Code Annotated § 30-1-301 to admit Mr. Divinny's estate to probate.

_____

[1]We have used this spelling of Ms. Winn's name, although on the appearance bond the spelling is "Dennise Winn."

3

WBC had reason to believe that Mr. Divinny possessed real and personal property.

On January 8, 1999 Peggy Mathes was appointed by the Court as the personal representative for Mr. Divinny's estate.

By mid-January 1999, Ms. Mathes had completed the notice to creditors required by Tennessee Code Annotated § 30-2-306(c). WBC filed its claim on January 29, 1999, and on February 4, 1999 Ms. Mathes filed an exception to WBC's claim "for failure to file sufficient evidence of the basis of said claim and all parts thereto."

In May 1999 WBC filed an amended claim with accompanying documents in support of its amended claim.[2]   On May 12, 1999 the Trial Court conducted a hearing on WBC's claim against Mr. Divinny's estate and Ms. Mathes's exception to the claim.  The Trial Court denied WBC's claim, stating "that the claim was filed more than one year following the death of Jackson Brown Divinny and filing for administration in Chancery under T.C.A.§30-1-301 is not an alternative proceeding for escaping the one-year statute prohibiting creditors from filing claims more than one year following the death of a debtor."

On appeal WBC argues that its claim was timely filed and thus, should receive payment for the forfeit judgment and other expenses it has incurred.  It contends that this case

_____

[2]Both claims by WBC were filed within the six-month period of time from the date of the first publication of the notice to creditors pursuant to Tennessee Code Annotated § 30-2-306(c).  The period for filing a claim was changed from six months to four months by a 1997 amendment of this statute. The amendment became effective on January 1, 1998 and applies "to all estates of decedents dying on or after January 1, 1998, and to all wills, other documents and proceedings related thereto."  Compiler's notes, Tenn. Code Ann. § 30-2-306 (Supp. 1997).

5

involves the application of Tennessee Code Annotated §§ 30-2-307 and 30-2-310.

WBC notes that both of these statutes begin with almost the same language. Tennessee Code Annotated § 30-2-307(a)(1) provides that "[a]ll claims against the estate arising from a debt of the decedent shall be barred unless filed within the period prescribed in the notice published or posted in accordance with § 30-2-306(c)."

Tennessee Code Annotated § 30-2-310 provides the following:

> All claims and demands not filed with the probate court clerk, as required by the provisions of §§ 30-2-306 -- 30-2-309, or, if later, in which suit shall not have been brought or revived before the end of twelve (12) months from the date of death of the decedent, shall be forever barred.

Tennessee Code Annotated § 30-2-306(c) provides for a notice to creditors of a decedent. In this case, creditors received six months from the date of the first publication of the notice to creditors in which to file their claims against the estate.

WBC points out that both Tennessee Code Annotated §§ 30-2-307 and 30-2-310 refer to the provisions of Tennessee Code Annotated § 30-2-306. WBC maintains that it followed the statutory provisions, which are plain and unambiguous, regarding the filing of its claim against Mr. Divinny's estate. WBC asserts that because its claim was filed with the probate court within the prescribed period of six months, "the remaining provisions of Tenn. Code Ann. §30-2-307, especially those provisions which would bar the claim, do not apply. Likewise, Tenn. Code Ann. §30-2-310 does not bar Wheeler's claim." Finally, WBC notes that the Trial Court found its claim barred "because it had not been filed within one year following the date

7

on which Mr. Divinny died as required by the two statutes." WBC argues that "it would have been a legal and physical impossibility for Wheeler to file a claim within the one year period because no estate had then been opened."

In conclusion, WBC maintains that it filed its claim against Mr. Divinny's estate within six months of the published notice under Tennessee Code Annotated § 30-2-306(c), and thus, its claim is timely filed.

Ms. Mathes, as the personal representative for Mr. Divinny's estate, asserts that the Trial Court properly ruled that WBC's claim was not timely filed. Ms. Mathes maintains that Tennessee Code Annotated § 30-2-307(a)(1)(B) provides that a "creditor's claim shall be barred unless filed within twelve (12) months from the decedent's date of death."

Ms. Mathes notes that this Court recently analyzed Tennessee Code Annotated §§ 30-2-306, 30-2-307, and 30-2-310 in Roddy v. Hamilton County Nursing Home, an unreported opinion of this Court, filed in Knoxville on March 24, 1999.  This Court noted that its holding in that case "does not address how, if at all, the self-executing statute of limitations would apply in a situation where an estate was first opened more than 12 months after a decedent's death." Roddy, n.5.

Ms. Mathes further argues that "[i]t would be against public policy to allow creditors to come forward at any time after the expiration of twelve (12) months from the death of [the] decedent demanding that an estate be opened and invoking the Clerk's duty to publish for creditors giving them another six (6) [*now four(4)*] months to file claims against an estate." Therefore, Ms. Mathes maintains that because WBC did not seek to collect a debt against Mr. Divinny's estate until more than twelve months after his death, it should not be permitted to use

9

Tennessee Code Annotated §§ 30-1-301 and 30-2-306 "as an extension" of the statute of limitations of Tennessee Code Annotated § 30-2-310.

Our review of the Trial Court's decision, which was a question of law, is <u>de novo</u> with no presumption of correctness. <u>Coulter v. Hendricks</u>, 918 S.W.2d 424, 426 (Tenn. Ct. App. 1995).

In addressing the issue before us, we note first several rules of statutory construction helpful to our determination this issue.  In construing statutes, we are to ascertain and give effect to the legislative intent of the statute.  <u>Cronin v. Howe</u>, 906 S.W.2d 910, 912 (Tenn. 1995).  We look to the statute itself and are restricted to the natural and ordinary meaning of the language used in the statute.  <u>Browder v. Morris</u>, 975 S.W.2d 308, 311 (Tenn. 1998).  "Where words of the statute are clear and plain and fully express the legislature's

10

intent, there is no room to resort to auxiliary rules of construction." <u>Browder</u>, 975 S.W.2d at 311 (citation omitted).

From our reading of the relevant statutes, we are of the opinion that WBC followed the statutory requirements for filing its claim against Mr. Divinny's estate. WBC sought to have a personal representative appointed to administer Mr. Divinny's estate, since no one had come forward to do so. Once that personal representative published a notice to creditors, WBC filed its claim and then its amended claim within the prescribed six-month period of time. As WBC notes in its brief, the emphasis in both Tennessee Code Annotated §§ 30-2-307 and 30-2-310 is on requiring creditors to file their claims against an estate within a six-month period of time.

Ms. Mathes argues that allowing creditors to wait for more than one year after a decedent's death to come forward with

11

claims against an estate would violate public policy. While we are mindful of Ms. Mathes's public policy argument, we are also aware that by construing the relevant statutes according to her reasoning, relatives of a decedent could avoid payment to a decedent's creditors by not seeking probate until a year had elapsed. We do not believe this is what our legislature intended.

Based on the foregoing, we reverse the judgment of the Davidson County Probate Court and remand this cause for further proceedings consistent with this opinion. Costs of appeal as well as below are adjudged against the Estate of Mr. Divinny.

                                             _____
                                             Houston M. Goddard, P.J.

CONCUR:


_____
Charles D. Susano, Jr., J.


_____
D. Michael Swiney, J.