IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 3, 2005

## STATE OF TENNESSEE v. DANIEL CLEVELAND and MATTHEW HARVILLE

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. P-28621 and P-28626      James C. Beasley, Jr., Judge**

---

**No. W2004-02892-CCA-R3-CD  - Filed July 21, 2005**

---

This is a direct appeal as of right by the State from a denial of its petitions to have Defendants Daniel Cleveland and Matthew Harville declared habitual offenders pursuant to the Motor Vehicle Habitual Offender (MVHO) statute.  <u>See</u> Tenn. Code Ann. § 55-10-601 et seq.  On appeal, the State argues that the language of section 603(2)(A) of the MVHO statute contains an error, and therefore legislative intent and the "entire scheme" of the statute require this Court to interpret the provision in question by changing its conjunctive construction to disjunctive.  We disagree, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOHN EVERETT WILLIAMS, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Theresa McCusker, Assistant District Attorney General, for the appellant, State of Tennessee.

Robert Wilson Jones, District Public Defender, and Phyllis Aluko, Assistant Public Defender, Memphis, Tennessee, for the appellees, Daniel Cleveland and Matthew Harville.

## OPINION

## FACTS

In July of 2004, the State filed petitions to have Defendants Daniel Cleveland and Matthew Harville declared motor vehicle habitual offenders based on their records of three driving offense convictions within five years.  <u>See</u> Tenn. Code Ann. § 55-10-603(2)(A).  Mr. Cleveland has two DUI convictions and one conviction for reckless driving.  Mr. Harville has a conviction for leaving

the scene of an accident and two separate reckless driving convictions. The same public defender was assigned to represent both Defendants, and the two matters were consolidated for a hearing.

The trial court conducted a hearing in November of 2004, during which the Defendants resisted the State's petitions to declare them motor vehicle habitual offenders. The Defendants both admitted they had three driving offense convictions, at least one of which was for the offense of reckless driving, but argued that the MVHO statute required that an offender must also have an adult driving while impaired (DWI) conviction paired with a reckless driving conviction in order to be found a habitual offender. The Defendants pointed to the language of the statute itself, which linked adult DWI with reckless driving by the conjunction "and." See Tenn. Code Ann. § 55-10-603(2)(A)(x) and (xi).

The trial court agreed with the Defendants that the language of the MVHO statute "seemingly" required an adult DWI conviction to be paired with a reckless driving conviction before either offense could be used in a habitual offender determination. The trial court concluded: "It would appear to me [from] a reading of [the statute] that the Legislature obviously intended, at least by the way it is drafted, to want (x) [Driving while impaired] and (xi) [reckless driving] to go together and (xii) and (xiii) to go together. I don't really know any other way to interpret that other than a literal reading of it."[1] The trial court issued an order denying the State's petition to declare the Defendants motor vehicle habitual offenders. The State timely filed notices of appeal. The State subsequently filed a motion to consolidate the two Defendants' cases for purposes of appellate review. This Court granted the motion for consolidation, and the issue is now before us as to both Defendants.

**ANALYSIS**

The State asserts that the trial court erred in denying its petitions seeking to declare the Defendants habitual motor vehicle offenders. In support of this claim, the State argues that the statute in question contains a clear technical error in its use of the conjunctive "and" linking reckless driving with the now repealed offense of adult DWI.[2] The State argues that interpreting the MVHO statute to require convictions of both offenses is contrary to the "entire statutory scheme," which is designed to provide stricter punishment for anyone with three or more convictions of any of the listed driving offenses. The State asserts the legislature's true intention was to simply list all the offenses and not link any together. The State also argues that Tennessee courts "frequently" interchange "and" and "or" in ambiguous statutes in order to carry out statutory intent. Thus, the State argues, this Court should interchange the conjunctive language in the MVHO statute with a disjunctive construction.

---

[1] Two other driving offenses in the MVHO statute offense list are also linked with the conjunctive conjunction "and": drag racing and evading an arrest in a motor vehicle. See Tenn. Code Ann. § 55-10-603(2)(A)(xii) and (xiii).

[2] Tennessee Code Annotated section 55-10-603(2)(A)(x) lists "[a] violation of § 55-10-418, relative to adult driving while impaired" as a qualifying offense under the MVHO statute. However, adult driving while impaired was repealed as of July 2003. See Tenn. Code Ann. § 55-10-418.

## I. Standard of Review

We begin by noting that when examining a legal issue, such as statutory construction, Tennessee appellate courts adhere to a de novo standard with no presumption of correctness as to the lower court's conclusions of law.  See State v. Owens, 20 S.W.3d 634, 637 (Tenn. 2000); State v. Alford, 970 S.W.2d 944, 945 (Tenn. 1998) ("Construction of a statute is a question of law which we review de novo, with no presumption of correctness.").

## II. Statutory History of the MVHO Statute

The Tennessee Motor Vehicle Habitual Offender statute was designed to "[p]rovide maximum safety" for all who travel the public highways of Tennessee by denying the "privilege" of operating a motor vehicle to those "who by their conduct and record have demonstrated their indifference to the safety and welfare of others." Tenn. Code Ann. § 55-10-602.  The act was also crafted to "[d]iscourage repetition of unlawful acts" by imposing the "deprivation of the privilege of operating a motor vehicle" on those considered habitual motor vehicle offenders. Id.  The section of the statute at issue in this case, appropriately titled "Definitions," contains three main parts, which respectively define "conviction," "habitual offender," and "Tennessee court" for the purposes of the statute.  The precise issue in this case arises out of the interpretation of the language in part (2) of the section, which defines  habitual offender as follows:

(2) "Habitual offender" means:

> (A)    Any person who, during a three-year period, is convicted in a Tennessee court or courts of three (3) or more of the following offenses; any person who, during a five-year period, is convicted in a Tennessee court or courts of three (3) or more of the following offenses; or any person who, during a ten-year period, is convicted in a Tennessee court or courts of five (5) or more of the following offenses; provided, that if the five- or ten-year period is used, one (1) of such offenses occurred after July 1, 1991:
>> (i)    Voluntary manslaughter resulting from the operation of a motor vehicle;
>> (ii)    Vehicular homicide as defined in § 39-13-213;
>> (iii)    Involuntary manslaughter resulting from the operation of a motor vehicle;
>> (iv)    Vehicular assault as defined in § 39-13-106;
>> (v)    A violation of § 55-8-151(a), relating to meeting or overtaking school buses;
>> (vi)    A violation of § 55-10-101(a), relating to the duty to stop at the scene of an accident resulting in injury or death;
>> (vii)    A violation of § 55-10-102, relating to the duty to stop at the scene of an accident resulting only in damage to a vehicle driven or attended by any person;

(viii) A violation of § 55-10-401, prohibiting intoxicated or drugged persons from driving;

(ix) A violation of § 39-13-218, relative to aggravated vehicular homicide; <u>or</u>

(x) A violation of § 55-10-418, relative to adult driving while impaired; <u>and</u>

(xi) A violation of § 55-10-205, relative to reckless driving; <u>or</u>

(xii) A violation of § 55-10-502, relative to drag racing; <u>and</u>

(xiii) A violation of § 39-16-603(b), relating to evading arrest in a motor vehicle;

(xiv) A violation of § 39-13-103, relating to reckless endangerment by use of a motor vehicle; <u>or</u>

(xv) A violation of § 55-50-504, relating to driving on a cancelled, suspended or revoked license if the underlying offense resulting in such cancellation, suspension or revocation is an offense enumerated in subdivision (2)(A)(i)-(2)(A)(xiv).

(B) The violation of an ordinance of any political subdivision of this state shall be equivalent to the violation of state statutes if the elements of the offense covered by the ordinance are the same as the elements of the offense covered by the comparable state statute[.]

Tenn. Code Ann. § 55-10-603(2) (emphasis added).

The MVHO definitions section was amended in 2000, resulting in its current wording as stated above. Prior to the 2000 amendment, section (2)(A) of the MVHO statute definition section listed twelve motor vehicle offenses, labeled by small Roman numerals and separated by semi-colons. The disjunctive conjunction "or" was placed prior to the last offense listed. A semi-colon followed by the conjunctive conjunction "and" was placed at the end of section (2)(A), which linked it to section (2)(B). <u>See</u> Tenn. Code Ann. § 55-10-603 (1999).

It is a well established rule of construction that when the disjunctive conjunction "or" is used in a statute, the various elements are to be treated separately, with any one element sufficient to meet the objectives outlined in the statute.[3] Conversely, when the conjunctive conjunction "and" is used, each element so linked in the statute must be considered jointly to obtain the objectives of the statute.[4] Therefore, under the old version of the MVHO statute, it was quite clear that to obtain the full definition of a "habitual offender" both section (2)(A) "and" section (2)(B) needed to be considered. Likewise, any of the twelve motor vehicle offenses listed in section (2)(A) could

---

[3]The following legal maxim succinctly describes this principle, which has been followed for many years: <u>In disjunctivis alteram partem esse veram</u>. In disjunctive constructions, it is sufficient if either part is true. <u>Black's Law Dictionary</u> 1723 (8th ed. 2004), Appendix B.

[4]<u>In conjunctivis oportet utramque partem esse veram</u>. In conjunctive constructions, each part must be true. <u>Black's Law Dictionary</u> 1723 (8th ed. 2004), Appendix B.

individually be used to meet the offense requirements, as indicated by the disjunctive "or" placed immediately before the last offense listed. However, subsequent amendments to this section have made the once clear statutory language quite cloudy.

The MVHO definitions section was amended by two separate public acts in 2000. In April of 2000, pursuant to Chapter 682 of the 2000 Tennessee Public Acts, the offenses of driving while unlicensed and driving with a cancelled license in subsections (2)(A)(ix) and (x) of Tennessee Code Annotated section 55-10-603 were deleted and replaced with the offenses of aggravated vehicular homicide and adult driving while impaired. This same act then added back the offense of driving with a cancelled licence, slightly re-worded, at the end of the list, designated subsection (xiii). A month later in May of 2000, the legislature again amended the same section with Chapter 848 of the 2000 Tennessee Public Acts. This time the legislature added two new driving offense violations, designated subsections (xiii), (xiv), again re-worded the driving with a cancelled license offense, moved it to the end of the list, and designated it subsection (xv).

This amendment process resulted in the addition of several conjunctive and disjunctive conjunctions without the deletion of the original conjunctions that appeared in the statute prior to the 2000 amendments. Thus, the disjunctive "or" immediately preceding subsection (xii), which was the last in the list of offenses prior to the 2000 amendments, was left between subsections (xi) and (xii) even though three more offenses were added. Moreover, the "and" at the end of subsection (xii) was also left in, but because subsection (xii) was no longer the end of section (2)(A), the conjunction "and" no longer links section (2)(A) to (2)(B), but rather now appears to link the driving offenses listed in subsections (xii) and (xiii) within section (2)(A). Furthermore, while not in the General Assembly's act that added the language comprising the last three driving offenses, the Code Commission apparently added their own disjunctive conjunction "or" immediately preceding the last offense in the list, subsection (xv). Additionally, section (2)(A) now ends with a period, and is therefore no longer linked to (2)(B) by the conjunction "and" as it was in the statute prior to the 2000 amendments.

While the "or" following subsection (xi) and the "and" following subsection (xii) may possibly be superfluous conjunctions overlooked by the Code Commission as they attempted to merge the amending acts with the existing statute, the disjunctive "or" following subsection (ix) and the conjunctive "and" following subsection (x) appear to be the deliberate actions of the legislature. The General Assembly expressly deleted the old subsections (ix) and (x), both of which had ended only with a semicolon, and replaced them with the following language: "[ix] A violation of Section 39-13-218, relative to aggravated vehicular homicide; or [x] A violation of Section 55-10-418, relative to adult driving while impaired; and [.]" 2000 Tenn. Pub. Acts 682 (emphasis added). While the purpose of this textual choice is not explained, the language used in the amending act seems to indicate the legislature's express desire to link its newly added offense of adult DWI in subsection (x) with the existing offense of reckless driving in subsection (xi).

### III. State's Arguments Against a Plain Meaning Construction

The State apparently agrees that a <u>literal</u> interpretation of the statute as it is now written would suggest that the offenses of reckless driving and adult DWI must be linked before they can qualify a person for motor vehicle habitual offender status. Additionally, because neither Defendant in this case has a prior conviction for adult DWI, the State apparently concedes that if a literal construction of the provision in question is adopted, neither Defendant is subject to classification as a habitual offender. However, the State asserts that the entire statutory scheme of the MVHO statute suggests that the "and" linking reckless driving with adult DWI was merely a legislative oversight. The State argues that this Court should substitute a disjunctive construction of the provision in question for the conjunctive language actually used. The State argues, "[c]learly the legislature intended" this construction.

The Tennessee Supreme Court has stated that "[t]he most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." <u>Owens v. State</u>, 908 S.W.2d 923, 926 (Tenn. 1995); <u>see also</u> <u>Browder v. Morris</u>, 975 S.W.2d 308, 311 (Tenn. 1998) ("The cardinal rule of statutory construction is to effectuate the legislative intent, with all rules of construction being aides to that end.").

The first step in determining legislative intent is to determine whether the statutory language itself is ambiguous. If it is not, we are limited to the plain meaning of the statutory language. We are instructed by our highest court to "initially look to the language of the statute itself in determining the intent of the legislature. Courts are restricted to the natural and ordinary meaning of the language used by the legislature in the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent." <u>Browder</u>, 975 S.W.2d at 311 (citing <u>Austin v. Memphis Pub. Co.</u>, 655 S.W.2d 146, 148 (Tenn. 1983)). Additionally, appellate courts must "assume that the legislature used each word in the statute purposely, and that the use of these words conveys some intent and has a meaning and purpose." <u>Browder</u>, 975 S.W.2d at 311 (citing <u>Locust v. State</u>, 912 S.W.2d 716, 718 (Tenn. Ct. App. 1995)). Thus, "[w]here the words of the statute are clear and plain and fully express the legislature's intent, there is no room to resort to auxiliary rules of construction, and we need only enforce that statute as written." <u>Id.</u> (citing <u>Roberson v. University of Tennessee</u>, 912 S.W.2d 746, 747 (Tenn. Ct. App. 1995), and <u>In re Conservatorship of Clayton</u>, 914 S.W.2d 84, 90 (Tenn. Ct. App. 1995)).

As stated above, only if an ambiguity in the statutory language is found will this Court resort to auxiliary rules of statutory construction. A statute is ambiguous "if it is capable of conveying more than one meaning." <u>Id.</u> (citing <u>Clayton</u>, 914 S.W.2d at 90). Even then, an appellate court will ascertain the legislative intent of a statute "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." <u>State v. Flemming</u>, 19 S.W.3d 195, 197 (Tenn. 2000). Furthermore, courts are not to "apply a particular interpretation to a statute if that interpretation would yield an absurd result." <u>Id.</u>

The State first argues that the "entire statutory scheme" of the MVHO statute suggests the legislature intended a habitual offender to be any person convicted of the requisite number of any of the driving offenses listed in the statute. The State points to the first part of the section in question, which states a habitual offender is a person convicted of "three (3) or more of the following offenses." Tenn. Code Ann. § 55-10-603(2)(A). Therefore, the State concludes, the legislature's intent was for the fifteen driving offenses in the current statute to be "read as individual items, despite the mixed use of conjunctive and disjunctive conjunctions within the list." The State also notes that even after the 2000 amendments, the semi-colons were "retained . . . after each element" and therefore "each remained an independent clause in the enumeration." The State argues this use of punctuation suggests the words "and" and "or" are merely "coordinate conjunctions, connecting elements of equal importance[,] [t]hus, they are essentially interchangeable." Finally, the State also argues that Tennessee courts have "frequently interchanged the words 'and' and 'or' in the construction of statute when necessary to carry out the legislative intent."

The State's arguments notwithstanding, we are unpersuaded that the language of the statutory provision in question, although in-artfully worded, is ambiguous. Absent ambiguity, we are bound to the natural and ordinary meaning of the text itself, and must assume the legislature had purpose in expressly linking adult DWI with reckless driving through the use of the conjunctive word "and." The clear distinction between a conjunctive and a disjunctive construction, as well as the significance this particular distinction plays in statutory interpretation, cannot be ignored.

We find a plain meaning interpretation does not clearly contradict the general scheme or purpose of the MVHO statute in its entirety. To the contrary, it is plausible to assume the legislature desired to amend the MVHO statute to link offenses it may have considered insufficiently serious enough individually to warrant inclusion in the process for declaring a person a habitual offender. Indeed, the general tenor of both of the 2000 legislative amendments to the MVHO statute could be characterized as a deliberate attempt to elevate the requirements necessary for a person to qualify as a habitual offender. The two amending acts first deleted the relatively minor offenses of driving while unlicensed and driving with a cancelled license, and replaced them with the significantly more serious offenses of vehicular homicide and adult DWI. Compare Tenn. Code Ann. § 55-10-603(2)(A)(ix) and (x) (1999) with Tenn. Code Ann. § 55-10-603(2)(A)(ix) and (x) (2005). Additionally, when the offense of driving with a cancelled license was added back to the end of the list, it was re-worded to require the license be cancelled, suspended or revoked as a result of one of the prior fourteen offenses listed in the MVHO statute before it could count as a requisite offense. Thus, the amended language of the current offense (xv) clearly links driving with a cancelled license to the other driving offenses listed in the MVHO statute.

Additionally, a review of the legislative history of the statutory provision in question confirms that the legislature was attempting to eliminate less serious offenses from consideration in

habitual offender determinations.[5] To this end, the legislature completely eliminated driving while unlicensed and initially eliminated the offense of driving with a cancelled, suspended or revoked license. However, the latter offense was subsequently retained, but modified to count toward determination of habitual offender status only if it was linked to one of the serious offenses enumerated in the MVHO statute. Therefore it is certainly not unreasonable to assume the legislature likewise desired to link the offenses of adult DWI and reckless driving in order for the combined offenses to be serious enough to warrant loss of driving privileges under the MVHO statute.

Furthermore, nothing in the existing statutory text, public acts amending the statute, or legislative history indicates that the Tennessee General Assembly did not mean what it wrote. The Defendants have noted in their appellate brief that the State's primary argument in this case is not that the statutory provision as written is unclear, but rather that it is not as efficient in carrying out the objectives of the statute as it could be if a disjunctive construction was substituted for the existing language. The Defendants' point is well taken. Indeed, the statute as it now reads is cumbersome. A plain meaning interpretation of the current statutory language links offenses in a manner in which a person could escape habitual offender status after receiving multiple convictions for reckless driving as long as they were not also convicted of adult DWI.[6] However, this Court should not substitute its own interpretation for that of the ordinary meaning of statutory text.

The State also asserts that Tennessee appellate courts have "frequently interchanged the words 'and' and 'or' in the construction of statutes." While courts have in the past substituted a disjunctive for a conjunctive construction in ambiguous statutes, such interchanges are far from frequent.[7] Indeed, such interpretations of statutory language are reserved for those rare instances in which the statute was ambiguous and such a change was clearly "necessary to further the intent of the legislature." Stewart v. State, 33 S.W.3d 785, 792 (Tenn. 2000). In the case at hand, we are unable to conclude that the intent of the legislature was not exactly what it wrote.

In the statutory provision at issue, the legislature linked the offense of adult DWI with the offense of reckless driving through the use of the conjunctive conjunction "and." This specific language remained consistent from its initial introduction as an amendment to the original bill in the House Transportation Committee, throughout the entire legislative process, in the public act itself, and throughout the codification process. It appears that the use of the word "and" in the statutory

---

[5] See H.B. 1542, 101st Gen. Assem., 2nd Sess. (Tenn. May 3, 1999); S.B. 1468, 101st Gen. Assem., 2nd Sess. (Tenn. May 19, 1999), Tennessee State Library and Archives.

[6] We also note that because the offense of adult driving while impaired has been repealed, its paired offense of reckless driving will also soon be unavailable for the purposes of qualifying a person as a motor vehicle habitual offender. The MVHO statute looks back in time only three, five or ten years, and it has already been approximately two years since adult driving while impaired was taken off the books.

[7] We are aware that in 1936 our supreme court stated: "The word 'and' is frequently construed as meaning 'or.'" City of Knoxville v. Gervin, 89 S.W.2d 348, 352 (1936). However, our review of more recent case authority controlling statutory interpretation has led us to conclude that such judicial conjunction substitution is infrequent.

provision now under scrutiny was not a scrivener's error, but was rather expressly selected by the legislature.

Furthermore, we simply cannot conclude that a judicial substitution of disjunctive construction for that of the existing conjunctive language in the statute is "necessary to further the intent of the legislature." Stewart, 33 S.W.3d at 792. It is unquestioned that "statutory phrases separated by the word 'and' are usually interpreted in the conjunctive." Id. Admittedly, it is not outside the realm of possibility that the legislature actually intended to have the list of offenses contained in the MVHO statute read in the disjunctive and simply made a mistake in using the word "and" when it should have used "or" as the State suggests. However, this Court is not persuaded that the legislature erred in crafting this law. To the contrary, we are bound to "assume that the legislature used each word in the statute purposely, and that the use of these words conveys some intent and has a meaning and purpose." Browder, 975 S.W.2d at 311.

Finding no ambiguity, we interpret the provision in question according to the "natural and ordinary meaning of the language used by the legislature in the statute." Id. Tennessee Code Annotated section 55-10-603(2)(A)(ix) and (x) clearly mandates that the offense of reckless driving be linked to the offense of adult DWI through the use of the conjunctive word "and." Accordingly, we conclude that the MVHO statute, in its current form, requires that a person have both an adult DWI conviction and a reckless driving conviction before either offense can be used in a determination of habitual offender status.

## CONCLUSION

Based on the foregoing reasoning and authorities, we affirm the judgment of the trial court denying the State's petitions to declare the Defendants motor vehicle habitual offenders.

_____
DAVID H. WELLES, JUDGE

-9-