# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### April 11, 2006 Session

## STATE OF TENNESSEE v. SUSAN WALLACE

### Appeal from the Circuit Court for Henderson County
### No. 05039-1    Roy B. Morgan, Jr., Judge

---

### No. W2005-02235-CCA-R9-CD  - Filed May 24, 2006

---

The defendant, Susan Wallace, a special education teacher, was indicted by the Henderson County Grand Jury for fourteen counts of child abuse and fourteen counts of assault. She filed a motion to dismiss the indictment, arguing that the State had not complied with the School Discipline Act, Tennessee Code Annotated section 49-6-4101, et seq. The trial court denied the motion, finding that any procedural defects were cured by the return of the grand jury indictment, and this Rule 9 interlocutory appeal followed. Following our review, we affirm the order of the trial court denying the motion to dismiss the indictment.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Jason B. Rudd and Jon A. York, Jackson, Tennessee, for the appellant, Susan Wallace.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; James G. Woodall, District Attorney General; and Bill R. Martin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

Because the State has responded on the merits rather than arguing that the record is insufficient, we will review this matter, such as we understand it to be, although the record is sparse. The defendant was a special education teacher at Beaver Elementary School in Henderson County during the 2003-2004 school year. After receiving information regarding the defendant from the Department of Children's Services, the Henderson County Sheriff's Department began an investigation regarding her actions toward four students. While the exact date that the sheriff's department received the information is not identified in the record, this occurred on April 1, 2004,

according to the defendant's brief. Likewise, according to the defendant's brief, "[a] criminal complaint was filed on November 30, 2004, two hundred and forty-three days after receiving notification of the alleged conduct." Following a preliminary hearing on February 15, 2005, the defendant was bound over to the Henderson County Grand Jury, and on June 22, 2005, she was indicted for fourteen counts of child abuse and fourteen counts of assault.

On July 25, 2005, the defendant filed a motion to dismiss the indictment, arguing that the State failed to follow a mandated procedure of the School Discipline Act, set out in Tennessee Code Annotated section 49-6-4105(a), which requires, prior to the charges being placed against a teacher or school principal, that the judge or magistrate first be provided a report of the investigation by law enforcement officers and medical verification of injury:

> (a) No action taken by a teacher or principal pursuant to the provisions of this part shall be grounds for the issuance of an arrest warrant or for the pressing of criminal charges against such teacher or principal, unless a report of an investigation by appropriate law enforcement officials along with independent medical verification of injury is presented to the judge or magistrate prior to issuing such a warrant. The investigative findings shall be presented to the judge or magistrate within fifteen (15) days of receipt of notification. The law enforcement agency shall give notice to the director of schools or the director of schools' designee at the time it is notified of the allegations.

Tenn. Code Ann. § 49-6-4105(a) (2002).

The defendant's argument, both in the trial court and on appeal, centers on the phrase "the pressing of criminal charges," which, she contends, includes an indictment. Thus, by the defendant's view, the exclusive route for prosecuting a teacher, for allegedly committing a criminal offense by the use of corporal punishment on a student, is through the general sessions court, with the judge or magistrate to be provided within fifteen days of notification of the charges copies of the investigative and medical reports regarding the incident. Unless these reports are filed within the fifteen-day period, the defendant cannot later be indicted for the incident. Both in the trial court and on appeal, the State disagreed with this interpretation. The claim in the defendant's motion was that the indictment should be dismissed because the required medical verification and investigative report had not been presented to a judge or magistrate within fifteen days of the Henderson County Sheriff's Department receiving notice of the defendant's alleged actions toward the children.

In its subsequent order denying the motion, the trial court agreed with the State, concluding that the action of the grand jury in indicting the defendant cured any defect in the initial processing of the charges:

> The Court finds that the procedural requirements set forth in section 4105(a) of the School Discipline Act applies to the charges alleged against [d]efendant and that the State failed to comply with the procedural

requirements set forth in section 4105(a) of the School Discipline Act prior to instituting criminal proceedings against [d]efendant. However, because the grand jury, after reviewing the State's evidence, indicted [d]efendant on 28 counts of child abuse and neglect, any defect in the institution of this action was thereby cured by the grand jury indicting [d]efendant.

The defendant requested and was granted permission to file a Rule 9 interlocutory appeal of the trial court's order.

## ANALYSIS

### School Discipline Act

We will review the defendant's argument that Tennessee Code Annotated section 49-6-4105(a) prohibits indictment of a teacher based upon corporal punishment of a student unless the enumerated reports have been filed within the fifteen-day period.

The School Discipline Act permits a teacher to "use corporal punishment in a reasonable manner" against students in a classroom in order to maintain discipline and control. Tenn. Code Ann. § 49-6-4103 (2002). It protects a teacher who uses corporal punishment from arrests based solely on citizen complaints by requiring that there be no "issuance of an arrest warrant or . . . the pressing of criminal charges against" such a teacher unless law enforcement conducts and submits an investigation report, that includes "independent medical verification of injury," to a judge or a magistrate "prior to issuing such a warrant," with the investigative report to be given to the judge or magistrate "within fifteen (15) days of receipt of notification." Id. § 49-6-4105(a).

As our supreme court explained in State v. Goodman, 90 S.W.3d 557, 563-64 (Tenn. 2002), the function of a court, in matters of statutory construction, is to ascertain the intent of the legislature and not give an unreasonable interpretation to the language:

Legislative intent is to be ascertained primarily from the natural and ordinary meaning of the language used, without a forced or subtle construction that would limit or extend the meaning of the language. [State v.] Alford, 970 S.W.2d [944,] 946 [(Tenn. 1998)]; Carter [v. State], 952 S.W.2d [417,] 419 [(Tenn. 1997)]. Courts are restricted to the natural and ordinary meaning of the language used by the legislature in the statute, unless an ambiguity exists which requires further inquiry to ascertain legislative intent. Browder v. Morris, 975 S.W.2d 308, 311 (Tenn. 1998). The language employed must be considered in the context of the entire statute, and the component parts of a statute should be construed, if possible, consistently and reasonably. Alford, 970 S.W.2d at 946; Wilson [v. Johnson County], 879 S.W.2d [807,] 809 [(Tenn. 1994)]. Furthermore, we are to assume that the legislature used each word in the statute purposely, and that the use of these words is intended to convey a meaning and serve a purpose. Browder, 975 S.W.2d at 311. Where the

language of the statute is clear and plain and fully expresses the legislature's intent, resort to auxiliary rules of construction is unnecessary, and we need only enforce the statute.  Id.

The defendant's view of the phrase "the pressing of criminal charges" is that it includes the return of an indictment, and, thus, the sentence containing it creates a fifteen-day condition precedent which, unless satisfied, prohibits a grand jury indictment against a teacher even though the statute of limitations has not expired.  In making this argument, the defendant has relied solely upon her interpretation of this phrase, without attempting to suggest why school personnel are afforded such an extraordinary level of protection, barring even action by a grand jury.  We conclude that the defendant's interpretation of this statute is not that intended by the legislature and, thus, that the record supports the determination of the trial court that the State's non-compliance with the fifteen-day requirement did not limit the authority to return an indictment against the defendant.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court denying the defendant's motion to dismiss the indictment.

_____
ALAN E. GLENN, JUDGE