IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2009

## STATE OF TENNESSEE v. SAMUEL T. ANDERSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-04612     John P. Colton, Jr., Judge**

―――――――――――

**No. W2008-00995-CCA-R3-CD  - Filed August 3, 2009**

―――――――――――

The issue is who has authority and jurisdiction to establish terms and conditions of a defendant's lifetime community supervision imposed pursuant to Tennessee Code Annotated section 39-13-524. We conclude it is the Tennessee Board of Probation and Parole.  Therefore, the trial court's order in this case modifying the terms and conditions of the defendant's lifetime community supervision is reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; William L. Gibbons, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellant, State of Tennessee.

Marvin Ballin, Memphis, Tennessee, for the appellee, Samuel T. Anderson.

### OPINION

The defendant, Samuel T. Anderson, pled guilty in 2006 to aggravated sexual battery.  He was sentenced to three years in the county workhouse and placed on community supervision for life, pursuant to Tennessee Code Annotated section 39-13-524.  Following his release from the workhouse, while being supervised by the Tennessee Board of Probation and Parole, the defendant was required to wear an electronic monitoring device (ankle bracelet) and was restricted from traveling outside the state of Tennessee.  The defendant was employed as an over-the-road truck driver, and he requested the original trial court to amend the terms and conditions of his community supervision by granting him permission to travel outside of Tennessee for the purpose of his employment and by dispensing with the electronic monitoring requirement.  After a multitude of hearings, the trial court granted the defendant's motion and modified the terms and conditions set forth by the Tennessee Board of Probation and Parole as requested by the defendant.  However, the

trial court did order the defendant to provide his probation officer with his itinerary and to be in constant communication with his probation officer.

The State filed a timely appeal, but the defendant has filed no response. It is the State's position that the trial court is without authority or jurisdiction to modify the terms and conditions set by the Tennessee Board of Probation and Parole.

At the time the defendant pled guilty to the offense of aggravated sexual battery, the law required that the defendant be sentenced to community supervision for life following his sentence expiration. *See* T.C.A. § 39-13-524(a) (2006). Tennessee Code Annotated section 39-13-524 provides as follows:

(a) In addition to the punishment authorized by the specific statute prohibiting the conduct, any person who, on or after July 1, 1996, commits a violation of § 39-13-502, § 39-13-503, § 39-13-504, § 39-13-522, or attempts to commit a violation of any of these sections, shall receive a sentence of community supervision for life.

(b) The judgment of conviction for all persons to whom the provisions of subsection (a) apply shall include that the person is sentenced to community supervision for life.

(c) The sentence of community supervision for life shall commence immediately upon the expiration of the term of imprisonment imposed upon the person by the court or upon the person's release from regular parole supervision, whichever first occurs.

(d) (1) A person on community supervision shall be under the jurisdiction, supervision and control of the board of probation and parole in the same manner as a person under parole supervision. The board is authorized on an individual basis to establish such conditions of community supervision as are necessary to protect the public from the person's committing a new sex offense, as well as promoting the rehabilitation of the person.

(2) The board is authorized to impose and enforce a supervision and rehabilitation fee upon a person on community supervision similar to the fee imposed by § 40-28-201**. To the extent possible, the board shall set the fee in an amount that will substantially defray the cost of the community supervision program. The board shall also establish a fee waiver procedure for hardship cases and indigency.**

**T.C.A. § 39-13-524.**

**After review, we conclude that the clear, plain, and unambiguous language of this statute vests the authority and jurisdiction to establish conditions of community supervision**

solely in the Tennessee Board of Probation and Parole. *See Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn. 1998) (in interpreting the intent of the legislature and the meaning of a statute, courts should initially look to the language of the statute itself and are restricted to the natural and ordinary meaning of the language unless an ambiguity requires resort elsewhere). Therefore, the trial court was without authority or jurisdiction to modify or change the terms and conditions of this defendant's community supervision, and the original terms and conditions should be reinstated.

This court addressed a similar situation in *Arthur W. Stamey v. State*, No. E2006-02047-CCA-R3-HC, 2007 Tenn. Crim. App. LEXIS 652 (Tenn. Crim. App. at Knoxville, Aug. 17, 2007). In that case, the trial court, at the defendant's sentencing hearing, sought to impose a condition, as part of the defendant's lifetime supervision, that he not be around children for the remainder of his life. On appeal, this court held that the "trial court was without authority to impose the condition in the judgment of conviction," and, furthermore, that "the condition was imposed in direct contravention to our express statutory provision." *Id.* at 6.

If a trial court does not have authority or jurisdiction to set terms and conditions of lifetime community supervision at the initial sentencing, we fail to see how the trial court later has the authority or jurisdiction to modify or change the terms and conditions as set by the Tennessee Board of Probation and Parole. The trial court is most certainly vested with the authority and jurisdiction to impose conditions that a defendant must obey during the initial sentence phase, *see* T.C.A. § 40-35-313 (2006), but the conditions of lifetime community supervision that the defendant is to follow are to be set by the Tennessee Board of Probation and Parole. The Board's decisions may be reviewable pursuant to the Uniform Administrative Procedures Act. *See* T.C.A. § 4-5-106, *et seq.*

 

 

 

_____

**JOHN EVERETT WILLIAMS,**
**JUDGE**