IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 11, 2015 Session

## STATE OF TENNESSEE v. DUSTY ROSS BINKLEY

**Appeal from the Criminal Court for Davidson County**
**No. 2009-I-833      Steve R. Dozier, Judge**

**No. M2014-01173-CCA-R3-CD – Filed May 7, 2015**

Appellant, Dusty Ross Binkley, pleaded guilty to manufacture of methamphetamine and possession of a firearm during the commission of a dangerous felony and received an effective eight-year sentence to be served in community corrections. His sentence was revoked after he received new charges, and the trial court aligned the original sentence consecutively to the sentences for the new offenses. Appellant later filed a Motion to Correct Illegal Sentences pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court denied after a hearing. On appeal, he argues that trial court incorrectly aligned his original sentences consecutively to his sentences for his new offenses. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Karen McDonald, Nashville, Tennessee, for the appellant, Dusty Ross Binkley.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Victor S. Johnson III, District Attorney General; and Pamela Sue Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In a prior opinion denying appellant's petition for writ of habeas corpus, this court summarized the procedural history of appellant's case as follows:

> On July 2, 2009, the Petitioner entered guilty pleas to two offenses in Davidson County Criminal Court: manufacture of methamphetamine and possession of a firearm in the commission of a dangerous felony. Per the

plea agreement, the Petitioner agreed to be sentenced as a standard offender with a thirty percent release eligibility, and the trial court imposed an eight-year sentence on the methamphetamine charge[] and a one-year sentence on the weapon charge, to be served concurrently. The trial court ordered the Petitioner to serve the eight-year sentence on community corrections.

The Petitioner was subsequently arrested for assault in Williamson County in November of 2009, upon which the Davidson County Criminal Court issued an arrest warrant alleging a violation of the terms of the Petitioner's community corrections sentence. An amended judgment was entered on December 18, 2009[,] in the Davidson County Criminal Court, reinstating the Petitioner to community corrections.

The Petitioner was again arrested in Williamson County in January of 2010, and he pled guilty in Williamson County Criminal Court on June 1, 2010[,] to one count of false imprisonment, one count of aggravated assault, and one count of vandalism. Pursuant to a plea agreement, the trial court imposed an eight-year sentence to run concurrently with the Petitioner's sentence in the Davidson County Criminal Court.

On July 9, 2010, the Davidson County Criminal Court revoked the Petitioner's community corrections sentence and ordered the Petitioner to serve his remaining sentence in prison, granting the Petitioner jail credit for his time served. The trial court ordered the sentence to run consecutively to the Williamson County Criminal Court sentence.

*State v. Dusty Ross Binkley*, No. M2013-00164-CCA-R3-HC, slip op. at 2 (Tenn. Crim. App. Sept. 12, 2013). On March 5, 2014, appellant filed a Rule 36.1 motion alleging that the Davidson County trial court incorrectly aligned his Davidson County sentences consecutively to his Williamson County sentences. Specifically, appellant argued that the trial court failed to make findings that justified consecutive sentencing; that appellant did not satisfy any of the seven statutory criteria supporting consecutive sentencing, *see* Tenn. Code Ann. § 40-35-115(b); that the Davidson County court violated the Community Corrections Act; and that the imposition of consecutive sentences in Davidson County violated appellant's constitutional rights by invalidating his plea to concurrent sentencing in Williamson County. The trial court held a hearing on the motion on March 28, 2014, and denied appellant relief by written order on May 16, 2014.

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

The legislature also amended Tennessee Rule of Appellate Procedure 3(b) to provide both the State and appellant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence.

Here, the trial court decided that appellant had not received an illegal sentence and denied appellant's motion pursuant to Rule 36.1(c)(1). Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review de novo with no presumption of correctness. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (stating that the standard of review for a habeas corpus case is de novo with no presumption of correctness).

We will first address appellant's argument that the trial court did not have the authority under the Community Corrections Act to align appellant's Williamson and Davidson County sentences consecutively. While appellant's argument that Tennessee Code Annotated sections 40-35-115(b)(6) (allowing consecutive sentencing when a new offense is committed while defendant is on probation) and -310 (supporting consecutive sentencing upon revocation of a suspended sentence) do not apply to appellant's community corrections sentence is correct, Tennessee Code Annotated section 40-36-106 specifically applies to community corrections sentences. Within section 40-36-106, subsection (e)(2) states:

In sentencing an eligible defendant to any community-based alternative to incarceration, the court shall possess the power to set the duration of the

sentence for the offense committed at any period of time up to the maximum sentence within the appropriate sentence range and shall retain the authority to alter or amend at any time the length, terms or conditions of the sentence imposed.

Subsection (e)(4) states:

The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Section 106 has been construed to allow resentencing courts to impose consecutive sentencing upon revocation of a community corrections sentence. *State v. Samuels*, 44 S.W.3d 489, 493 (Tenn. 2001). Our supreme court has stated that this resentencing based on a violation of community corrections does not violate appellant's double jeopardy rights. *State v. Griffith*, 787 S.W.2d 340, 341-42 (Tenn. 1990).

Appellant argues that the resentencing court can only impose consecutive sentencing to convictions that occurred prior to the original sentencing hearing. However, this court addressed a strikingly similar case in *State v. Randy Anderson*, No. W2003-01472-CCA-R3-CD, 2004 WL 1418041 (Tenn. Crim. App. June 24, 2004). While relying on a different legal theory, in *Anderson*, the appellant argued that the resentencing court could not align his sentence consecutively to convictions to which he had pleaded guilty after his original sentencing hearing but prior to resentencing based on his community corrections revocation. *Id.* at *3. This court stated that the resentencing court properly aligned the original conviction with subsequently obtained convictions because the subsequent convictions were incurred prior to resentencing. *Id.* (citing *State v. Charity H. Keith,* No. M2002-02386-CCA-R3-CD, 2003 WL 22888920 (Tenn. Crim. App. Dec. 5, 2003)). Therefore, the trial court was within its authority given by the Community Corrections Act to align appellant's Davidson and Williamson County convictions consecutively.

Regarding appellant's allegations that the resentencing court failed to make adequate findings that justified consecutive sentencing and that appellant did not satisfy any of the seven statutory criteria supporting consecutive sentencing, even if these were appropriate claims under Rule 36.1, appellant has failed to provide a sufficient record for review. Appellant failed to include the resentencing hearing transcript in the record without which we are unable to determine what findings that trial court did or did not

make at the resentencing hearing. We are also unable to examine whether appellant satisfies any of the seven citeria supporting consecutive sentencing because we do not have a record of the trial court's considerations or appellant's full criminal history, as evidenced by the fact that the habeas corpus mentions a 2009 assault offense that is not in the record before this court. *See Dusty Ross Binkley*, slip op. at 2. "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue." *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993) (citing *State v. Roberts,* 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). Therefore, we are unable to review appellant's claims in that regard.

Finally, appellant argues that the imposition of consecutive sentences in Davidson County violated his constitutional rights by invalidating his plea to concurrent sentencing in Williamson County. However, this is not a viable claim pursuant to Rule 36.1. "Rule 36.1 was adopted to provide a mechanism for the defendant or the State to seek to correct an illegal sentence." Tenn. R. Crim. P. 36.1, Adv. Comm'n Cmt. Rule 36.1(a) states that an illegal sentence "is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Appellant argues that the United States Constitution is an "applicable statute" pursuant to Rule 36.1. To determine the validity of appellant's assertion, we turn to principles of statutory construction. Our supreme court has stated:

> The most basic principle of statutory construction is to ascertain and give effect to legislative intent without broadening the statute beyond its intended scope. *State v. Sherman,* 266 S.W.3d 395, 401 (Tenn. 2008). When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language and, in that instance, we enforce the language without reference to the broader statutory intent, legislative history, or other sources. *Overstreet v. TRW Commercial Steering Div.,* 256 S.W.3d 626, 630 (Tenn. 2008).

*Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009); *see State v. Pope*, 427 S.W.3d 363, 367-68 (Tenn. 2013). By its plain language, Rule 36.1 applies to applicable *statutes*. Rather than defining an illegal sentence as a sentence not authorized by the law or not authorized by applicable statutory or constitutional provisions, the legislature singularly referred to statutes. In contrast, in Tennessee Code Annotated section 40-30-103, the legislature specifically stated that post-conviction relief would be "granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." We must "'assume that the legislature used each word in the statute purposely[] and that the use of these words conveys some intent and has a meaning and purpose.'" *State ex. rel. Estes v. Hicks*, No. E1999-01603-COA-R3-CV, 2000 WL 336530, at *2 (Tenn. Ct.

App. Mar. 31, 2000) (quoting *Locust v. State,* 912 S.W.2d 716, 718 (Tenn. Ct. App. 1995)). To construe Rule 36.1 as providing a remedy for both statutory and constitutional challenges would broaden the rule beyond its intended scope. Therefore, appellant has not stated a viable 36.1 claim regarding the alleged breach of his plea agreement.

Appellant has failed to prove that he received an illegal sentence pursuant to Rule 36.1; therefore, appellant is not entitled to relief.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the trial court's judgment.

_____
ROGER A. PAGE, JUDGE